## CODY v. THE STATE.

LUMPKIN, J. 1. Where it is material to explain how or why a search for property was made, it is competent to show that this was done in consequence of information received. But statements conveying such information are not admissible as affirmative proof of the facts contained in them. *Lyman* v. *State*, 69 *Ga.* 404; *Stevens* v. *State*, 77 *Ga.* 310; *Foster* v. *Atlanta Rapid Transit Co.*, 119 *Ga.* 675; *Collins* v. *State*, 88 *Ga.* 347.

2. Where the evidence failed to prove the offense charged except by considering statements, not under oath, made by a person since deceased, a verdict of guilty was not supported by the evidence.

*Judgment reversed. All the Justices concur.*

Submitted November 21,—Decided December 21, 1905.

Indictment for larceny. Before Judge Crisp. City court of Americus. October 26, 1905.

The indictment charged the larceny of certain household goods of Montgomery from his dwelling-house. There was testimony to the effect that the articles mentioned were his property, and were found in the possession of the accused. Montgomery was dead at the time of the trial. One of the witnesses testified that he sent for her and told her that he had missed these articles, and wished her to look after them. This testimony was objected to as hearsay. The court stated that it would be allowed for the purpose of showing reported loss, and for no other purpose. The accused was convicted, and moved for a new trial on the grounds that the verdict was contrary to law and the evidence, and that the court erred in admitting the testimony objected to. The motion was overruled, and the movant excepted.

*Blalock & Cobb,* for plaintiff in error.

*Frank A. Hooper, solicitor-general,* contra.