## 1308. THOMPSON v. THE STATE.

The evidence affirmatively shows that there was no fraudulent intention on the part of the defendant when he obtained from the prosecutor the money on his labor contract; consequently, there was no violation of the act of the General Assembly of 1903 (Acts 1903, p. 90), and the verdict of guilty was contrary to law. *Mulkey* v. *State,* 1 *Ga. App.* 521 (57 S. E. 1022).

Accusation of cheating and swindling, from city court of Quitman—Judge McCall. June 18, 1908.

Submitted October 6,—Decided October 12,. 1908.

*J. D. Wade Jr.,* for plaintiff in error.

HILL, C. J. Thompson was convicted of a violation of the act ·of 1903 making criminal the obtaining of money or other thing of value upon a fraudulent promise to perform services. He made a motion for a new trial on the general grounds, and the judgment overruling the same is the error assigned. The evidence clearly shows the contract and the obtaining of the money by the accused. It is equally clear, from the State's evidence, that the accused at the time he obtained the money from the prosecutor ·on his promise to perform the service according to his contract did not have any criminal intention. A witness for the State, who employed the defendant subsequently to his contract with the prosecutor, testified that the defendant stated to him that he ·owed the prosecutor the amount of money which the prosecutor had advanced to him, and refused to accept employment until this money was repaid. The witness loaned him the money to repay the prosecutor, and the accused went to the home of the prosecutor for that purpose, but failing to find the prosecutor, returned to the witness, and, stating that fact, gave the money to the witness on his express promise to deliver it to the prosecutor. The witness did not perform his promise, but the defendant did not

know that he had not done so, until his arrest.  The subsequent
conduct of the defendant as above stated, fairly and reasonably
construed, refutes the existence of an intention to defraud when
he obtained the money from the prosecutor on his contract to per-
form services; and for this reason the verdict against him was
contrary to law, and a new trial should have been granted.

*Judgment reversed.*