1462. DENHAM v. THE STATE.

HILL, C. J. 1. On a trial for the offense of obtaining money upon a fraudulent promise to perform labor, in violation of the act of August 15, 1903 (Acts of 1903, p. 90), evidence that the defendant had on a previous occasion fraudulently obtained money on another contract, the two contracts being in no wise connected or related, and the first act not in any way tending to illustrate the intent of the defendant in procuring the money under the second contract, was not admissible. *Taylor* v. *State*, ante, 237 (62 S. E. 1048); *Clarke* v. *State*, ante, 93 (62 S. E. 663).

2. The uncontroverted evidence for the defendant in this case fully rebuts the statutory presumption raised by the State, and clearly shows that there was no intention to cheat and defraud the prosecutor when the defendant obtained from him money on his labor contract. *Mulkey* v. *State*, 1 *Ga. App.* 521 (57 S. E. 1022); *Thompson* v. *State*, 4 *Ga. App.* 846 (62 S. E. 568).                     *Judgment reversed.*

Certiorari, from Putnam superior court—Judge Lewis. September 22, 1908.

Submitted November 23,—Decided December 8, 1908.

W. Denham, the prosecutor, testified: On March 13, 1907, General Denham (the defendant) came to me to get some money. I told him I needed a dairy-hand, and if he would contract to work with me I would advance him some on this contract. He then made this contract with me; that is, this contract was made, the money advanced, and the work to be done was in Putnam county, Georgia: he agreed to work with me from March 17, 1907, to December 31, 1907, at $12 per month and feed, as wages, the said service to be as a dairy-hand. Upon the faith of this contract I advanced him $6. He worked for me two days and a half, or at most three days, and left, and has failed to work any more or to pay me my money back. He left my service without any reason whatever. I was kind to him and gave him no cause whatever to leave me. During the short time he worked for me he tried to get some money from me. Soon after leaving me I saw him and told him he must either come back and work out the money I had advanced him or he must pay the money back, or I should have a warrant issued against him. He said he would come back and work it out. He never claimed to me that he was sick. He was not sick, and I never heard anything about sickness as a reason for his not coming back. Mr. Manley never offered to pay me any money for the defendant until long after the warrant issued,

not in fact until the grand jury met and had this warrant before them. I would not accept it then, because I thought the matter had passed beyond my control and that I could not do so. During the time the defendant worked for me Mr. Chandler came to my place and complained to defendant in my presence about getting money from him under contract for service, and asked him why he had not paid him the money I had let him have. Defendant admitted to him that he failed to pay him, and also admitted that he had obtained from the railroad authorities, a short time before, $14, under a contract for service, and had not paid it back. At the time I had the defendant arrested, Mr. Chandler also had a warrant issued for him for cheating and swindling. To the foregoing testimony as to the defendant's transaction with Chandler, the defendant objected, on the ground that it was irrelevant; and the overruling of this objection is assigned as error.

J. W. Manley testified, that he hired the defendant after the defendant left the prosecutor; that when he did so the defendant told him that he owed both Denham and Chandler, and asked him to pay them, and he (the witness) promised that he would do so; that he paid Chandler and called up some of Denham's family over the telephone, but did not say what he wanted; he also tried to find him; and afterwards he saw Denham and offered to pay him the money the defendant owed him, but Denham refused to receive it; that the defendant would not go to work for the witness until the witness promised to pay Denham whatever he claimed was due him by the defendant, and also promised to pay Chandler; and that until the defendant was arrested, he (the defendant) thought that the witness had paid Denham. The defendant made the following statement to the jury: The reason I did not go back to Mr. Denham's to work on Monday morning after I left on Saturday was I was sick, and when I got well, about Tuesday or Wednesday, I started back, and while I was going through town I saw Mr. Denham, and he told me he did not need me then, and to go and get the money and pay him back, and I told him I would do so. I went to Mr. Manley's and told him if he would pay Mr. Denham and Mr. Chandler I would work it out, and Mr. Manley told me he would pay Mr. Denham what I owed him, for me, and he would also pay Mr. Chandler what I owed him; and I thought he had done it.

*W. T. Davidson,* for plaintiff in error.

*J. E. Pottle, solicitor-general, S. T. Wingfield,* contra.