## 5581.   Scott *v.* The State.

Russell, C. J.   1. A count for larceny from the house may properly be included in an indictment charging burglary, and a general verdict finding the defendant guilty upon such an indictment, properly construed, is a finding convicting the accused of the higher offense charged; and for that reason the motion in arrest of judgment, alleging that the verdict is too indefinite to authorize the imposition of a sentence, is not well founded, and was properly overruled.

2. The court properly excluded the statement of a witness that "he, Jim Wilson, came to my house and asked me for Cato [the defendant], and I told him Cato was arrested, and he said Cato had his coat," upon the timely objection that it was hearsay, although the objection was couched in the single word "hearsay." It is apparent, from the testimony delivered in connection with that which we have quoted above, that the statement of the witness could not be treated as a part of the res gestæ, since both the visit of Wilson and his statement that the defendant had his coat, occurred after the defendant's arrest.

3. It is never error to refuse to direct a verdict.

4. Evidence of guilt which the defendant, either directly or indirectly, is compelled to disclose by an unlawful search and seizure of his person under illegal arrest, is not admissible in a criminal prosecution of the person thus illegally arrested.

5. Stolen property found in the recent possession of one accused of a burglary or a larceny, and which is identified as having been contained and stored in the house which was the subject of the burglary or larceny, may properly be introduced in evidence, although the articles thus introduced are not included in those set forth in the accusation. Such articles may furnish corroborative evidence in aid of other evidence indicating the commission of a crime; and the fact that such articles disappeared at the same time with other articles enumerated in the accusation would afford strong presumptive proof of the commission of the burglary, where it is not essential to prove more than that the breaking was with intent to steal.

6. The recent possession of goods stolen or feloniously taken, if not satisfactorily explained, is sufficient to authorize a conviction in cases of larceny from the house and of burglary, where the corpus delicti is established. As to this point the rule is the same whether the charge be larceny or burglary.

7. The court having with substantial correctness instructed the jury that in a case resting upon circumstantial evidence, the evidence to authorize a conviction must not only be consistent with the guilt of the accused,

but must be such as to exclude every other reasonable hypothesis except that of his guilt, it was not error in this connection to charge the jury that they should consider along with this the further principle of law that recent possession of stolen goods is sufficient to authorize the conviction of the person in possession, unless that possession be explained to the satisfaction of the jury.

8. In view of the ruling in the 4th paragraph above, and the consequent error of the trial judge in refusing to exclude evidence which was obtained by the illegal arrest and unlawful search of the defendant's person, the court erred in overruling the motion for a new trial.

*Judgment reversed. Roan, J., absent.*
DECIDED JULY 21, 1914.

Indictment for burglary; from Glynn superior court—Judge Conyers. March 7, 1914.

*B. W. Durden, F. H. Harris,* for plaintiff in error.
*J. H. Thomas, solicitor-general,* contra.