42311. PETERS v. THE STATE.

ARGUED OCTOBER 3, 1966—DECIDED OCTOBER 31, 1966—
REHEARING DENIED NOVEMBER 14, 1966.

*A. L. Haden, Jr.,* for appellant.

*W. B. Skipworth, Jr., Solicitor General, Frank K. Martin,* for appellee.

HALL, Judge. The defendant appeals from his conviction and sentence of 15 years for burglary, contending that he was arrested illegally without a warrant and that evidence ob-

tained from his person without a search warrant after the arrest while he was under interrogation was therefore inadmissible at the trial. The constitutional validity of the search and the admissibility of the evidence produced thereby depend upon whether the defendant's arrest without a warrant was lawful. Ker v. California, 374 U. S. 23, 34, 41 (83 SC 1623, 10 LE2d 726); *Raif v. State,* 109 Ga. App. 354 (136 SE2d 169).

Under *Code* § 27-207 an officer of this state may arrest without a warrant "if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Whether or not the arrest violated this statute, the constitutional validity of the arrest without a warrant depends "upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." Beck v. Ohio, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142). "In dealing with probable cause, . . . as the very name implies, we deal with probabilities. They are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879). There is also a great "difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search." Draper v. United States, 358 U. S. 307, 311-312 (79 SC 329, 3 LE2d 327). As Judge Learned Hand said in United States v. Heitner, 149 F2d 105, 106 (C.A. 2d Cir.): "It is well settled that an arrest may be made upon hearsay evidence; and indeed, the 'reasonable cause' necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties."

While there is testimony in this case that the officers had information from a reliable source that this defendant was con-

nected with the burglary, there is nothing in the record to indicate the facts of which they were informed other than that the defendant was about to leave town. The requirements of *particularity of the information* on which an officer must act without a warrant "cannot be less stringent than where an arrest warrant is obtained." Wong Sun v. United States, 371 U. S. 471, 479-480 (83 SC 407, 9 LE2d 441). "When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the officers at the moment of arrest would 'warrant a man of reasonable caution in the belief' that an offense had been committed. Carroll v. United States, 267 U. S. 132, 162 [45 SC 280, 69 LE 543]. If the court is not informed of the facts upon which the arresting officers acted, it cannot properly discharge that function." Beck v. Ohio, supra, 96.

The evidence in this case that officers possessed unspecified information that made them strongly suspect the defendant cannot support a finding of probable cause. The record does not show the legality of the warrantless arrest. It necessarily follows that the search and seizure are not shown to be legal. We realize that it is possible that the informer did in fact relate information to the officers in this case which constituted probable cause for the defendant's arrest. However, "when the constitutional validity of that arrest was challenged, it was incumbent upon the prosecution to show with considerably more specificity than was shown in this case what the informer actually said. . ." Beck v. Ohio, supra, 97.

*Judgment reversed and new trial granted. Nichols, P. J., and Deen, J., concur.*