### 46527. UVA v. THE STATE.

Eberhardt, Judge. The sole question on this appeal is whether it was error to deny a motion to suppress evidence obtained by a search of the defendant made prior to his arrest and without the benefit of a search warrant.

Defendant was searched and then arrested by Officer Vasquez of the Columbus police department, assigned to the narcotics squad. A place known as the Toadstool was operated for the teen-age group, open only on Friday and Saturday nights with a band. It opens about 7 p.m., the band starts playing around 9 o'clock and it closes before midnight, usually about 11:30 p.m. Several arrests for drug violations had been made in its vicinity, and Officer Vasquez was checking the situation on the night of March 6. It was a rainy night. Several people were standing around the doorway when he came up at approximately 10 p.m. As the officer approached the doorway defendant's back was turned toward him. The officer heard defendant say something, which he did not or could not understand, to a young man standing nearby, in response to which the young man said "No, man, I don't want to buy anything." Nothing else was said.

Officer Vasquez took defendant by the arm and led him to a place next door, telling him to keep his hands away from his pockets. Upon arrival next door the officer "patted down" the defendant, finding no evidence of arms or weapons on him, but did discover a "small bulge" under his shirt jacket, and upon lifting the jacket he saw a small box "similar in size to a box of paper clips," which he removed and opened, discovering 37 small maroon capsules. (The evidence does not reveal the nature of the contents of the capsules). Defendant was thereupon placed under arrest.

The officer's testimony indicates that he was checking the vicinity of the Toadstool because there had been complaints of drug

sales in its vicinity, and there had been several arrests there for drug violations.

There were no bulges about his person to indicate that he possessed weapons or that he was armed. This the policeman admitted, though he asserted that he "patted down" the defendant "for my protection," and in doing so discovered the drugs.

He had never seen the defendant before, and had no reports on him concerning any illegal activity. He did testify that the words used by the man in an apparent reply to defendant carried a connotation on the streets, and particularly among those who may use or deal in drugs that "someone is trying to sell. Now, on the street, these people speak their own language, use their own terms . . . This phrase ('I don't want to buy anything.') is a part of this particular language." However, the officer admitted on cross examination that he had seen no violation of any law by anyone at or near the Toadstool on this occasion before he arrested the defendant, that he heard no names of any drugs or narcotics mentioned, and that all he had heard was some unintelligible utterance by defendant, following which another had answered that he "did not want to buy anything," and that "anything could be anything . . . it could have been offering to sell anything" such as cigarettes, and that there had been no reason to arrest the defendant until after the search was conducted and the capsules found. *Held:*

Under the ruling of the Supreme Court of the United States in Sibron v. New York, 392 U. S. 40 (88 SC 1889, 20 SE2d 917), it appears that no reasonable cause for defendant's arrest existed when the search was made, and since it was not made in connection with or as an incident to a lawful arrest, the search without a search warrant was itself unlawful. The motion to suppress should have been sustained. Cf. Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889).

That unlawful drugs may have been discovered during the search (if they were such) gave no cause for either the arrest or the search. Henry v. United States, 361 U. S. 98 (80 SC 168, 4 LE2d 134); Johnson v. United States, 333 U. S. 10, 16 (68 SC 367, 92 LE 436).

*Judgment reversed. Hall, P. J., and Whitman, J., concur.*

488

Argued September 17, 1971—Decided September 29, 1971.

Grogan, Jones & Layfield, James A. Elkins, Jr., John C. Swearinger, Jr., for appellant.

E. Mullins Whisnant, District Attorney, William J. Smith, for appellee.