46669.   MacDOUGALD v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of the offense of violating the Georgia Drug Abuse Control Act, having in his possession and control a substance known as marijuana. He was sentenced to pay a fine of $1,000 and serve 12 months confinement upon the jury's recommendation of misdemeanor punishment. This appeal is from this final judgment, and error is enumerated on the following: 1. Overruling defendant's motion to quash the indictment; 2. Overruling defendant's motion to suppress certain evidence; 3. Allowing an additional officer to testify as a witness whose name had not been furnished defendant prior to joining an issue; and 4. Charging the jury that the form of verdict would be: "We fix punishment at blank time in the penitentiary and or a fine of $_____, however we recommend misdemeanor punishment." *Held:*

1. The motion to quash the indictment is based upon the contention that there is no valid statute prohibiting the possession of marijuana in that Georgia adopted a new Criminal Code in 1968, which became effective in 1969, completely re-codifying, revising, classifying, consolidating and superseding all existing laws relating to crimes and punishment, and said New Criminal Code failed to include therein a statute relative to the unlawful possession of marijuana (which is found in an earlier law). This contention is not meritorious. The statute prohibiting the possession of marijuana was not amended or repealed by the New Criminal Code (Ga. L. 1968, pp. 1249-1351) which, in 1969, was substituted for Chapter 26 of the Code of 1933 (Ga. L. 1969, pp. 857-868). Repeals by implication are not favored and have been considered only where Acts of the legislature are so repugnant that the two cannot be reconciled. See in this connection, *Morris v. City Council of Augusta,* 201 Ga. 666 (40 SE2d 710) and citations contained therein at page 672. The laws against marijuana were enacted subsequently to the Code of 1933. Said statutes prohibiting the possession of marijuana were not expressly repealed by the 1968 law, supra. In addition § 26-104 of the 1968 law, pp. 1249, 1260 provided that: "Any conduct that is made criminal by this Title or by another statute of this State, and for which punishment is not otherwise provided, shall be punished as for a misdemeanor." Clearly, there was no intention on the part of the General Assembly to repeal, discard or wipe out the statute prohibiting the possession of marijuana. The motion to quash was not meritorious.

2. Where evidence of guilt which the defendant, either directly or indirectly, is compelled to disclose by an unlawful search and seizure of his person under illegal arrest is not admissible in a criminal prosecution of the person thus illegally arrested. See *Scott v. State,* 14 Ga. App. 806 (4) (82 SE 376); *Raif v. State,* 109 Ga. App. 354 (136 SE2d 169); *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647). The evidence here shows clearly that the defendant was not taken into custody while performing any illegal act, and that he was thereafter required to remove his boot by a policeman, who then removed therefrom a substance later shown to be marijuana. This conduct comes within the

purview of the above cited cases. The search here was not within the authorization of a search without a warrant, as found in the Georgia criminal procedure law of 1966, pp. 567, 572 (*Code Ann. Ch.* 27-3). Accordingly, the court erred in denying the motion to suppress the physical evidence.

3. While every person charged with an offense against the laws shall be furnished *on demand* previously to his arraignment with a copy of the accusation and a list of the witnesses on whose testimony the charge against him is founded; we are unable to ascertain from the record here that any such demand for witnesses was made. If such demand was made counsel for appellant fails to point out where in the record or transcript the same can be found. We, therefore, refuse to consider further the enumeration of error complaining that the district attorney failed to follow the law in this instance.

4. The complaint as to the form of the verdict given to the jury by the court in the event they should recommend misdemeanor punishment cannot be said to be erroneous since it is not apparent as to how it could have been confusing to the jury. Under said charge the jury could have fixed a term of years in the penitentiary *or* a fine; or it could have fixed a term of years *and* a fine. Further, it was not necessary that the judge accept the recommendation of the jury in reducing the punishment from a felony to a misdemeanor. Therefore, there is no merit in the complaint as made.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*
ARGUED OCTOBER 6, 1971—DECIDED OCTOBER 19, 1971.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith,* for appellant.