## 46709. DAVIDSON v. THE STATE.

BELL, Chief Judge. The defendant was convicted of the possession of marijuana and he appeals. *Held:*

The defendant's motion to suppress certain evidence in this case was overruled and he enumerates this as error. The defendant's automobile and his person were searched and physcial evidence seized, viz., a pipe from the car and a quantity of marijuana from his person. All of this was accomplished without warrants to arrest or to search. The evidence reveals that defendant, who was accompanied by two other individuals, parked and locked his car on a public street in Carrollton, Georgia, and started walking down the street. They were stopped by policemen some 50 yards distant from the parked automobile and were required to get into the police car. A policeman present testified that he had observed none of these indi-

viduals performing any criminal activity. According to the State's evidence the only justification advanced for this apprehension was that the city police had been earlier notified by the campus police of West Georgia College to be on the lookout for a car fitting the description of defendant's because a college parking ticket had been placed on the car as it was not registered on campus and the campus police wanted to advise the defendant that he would have to pay the parking fine. After the defendant's apprehension, the campus police were notified and a member of the force arrived at the scene. The defendant was required by the police to return to his car as the latter wanted to give the car a "routine check." Defendant unlocked it and a "hash" pipe was found in the car. Then defendant's person was searched and a quantity of marijuana was found.

The search and seizure in this case can only be justified if it was made incident to a lawful arrest. The curtailing of defendant's locomotion by the city police officers under these facts constitutes an arrest. *Code* § 27-201; *Conoly v. Imperial Tobacco Co.*, 63 Ga. App. 880, 885 (12 SE2d 398). Under our statutory law an arrest without a warrant may only be made when an offense is committed in the presence of an officer; when the offender is endeavoring to escape; or for other cause where there is likely to be a failure of justice for the want of an officer to issue a warrant. *Code* § 27-207. See Section 1 of the Act approved March 16, 1966 (Ga. L. 1966, p. 567; *Code Ann.* § 27-301).

The issues and facts of this case are in all essentials identical with those in the case of *MacDougald v. State,* 124 Ga. App. 619 (184 SE2d 687). The defendant here and the defendant in *MacDougald* were in the same car; were walking down the street together when apprehended; were indicted by the same grand jury by identical indictments for the same offense; were tried in separate trials on the same day before the same judge; the same witnesses testified to the same thing in each of

the trials, the only thing being different at all is that in *MacDougald* the defendant was searched in the police station where marijuana was found in his boot while the defendant here was searched just outside the automobile—and that is no material difference at all! Thus the holding in *MacDougald* is controlling and requires reversal. Here, as in *MacDougald,* there was no evidence that defendant was violating any law at the time of his arrest; no evidence of flight; and no evidence to authorize the arresting officer to arrest the defendant because there was likely to be a failure of justice if arrest was not made. The issuance of the earlier parking citation affords no basis for the arrest of defendant. Under these facts the defendant's arrest was clearly unlawful. Thus the search cannot be justified as an incident of a lawful arrest. See Sibron v. New York, 392 U. S. 40 (88 SC 1889, 20 LE2d 917), and *Uva v. State,* 124 Ga. App. 486 (184 SE2d 200).

It was error for the trial court to overrule the motion to suppress the evidence as the search and seizure was unlawful and reversal is required.

*Judgment reversed. Jordan, P. J., Hall, P. J., Eberhardt, Deen, Evans and Clark, JJ., concur. Pannell and Quillian, JJ., dissent.*

ARGUED NOVEMBER 1, 1971—DECIDED FEBRUARY 17, 1972.

*Murray M. Silver,* for appellant.

DEEN, Judge, concurring. I concur with the majority opinion and would like to make further observations and comments.

In this case Charles Allen testified (p. 20): ". . . and so after shining the light on the inside of the car, and he said the pipe was on the driver's side which it was not, it was on the passenger's side, on the right side, and it was sticking out under the seat there where you could see it in clear view. . ."

In *MacDougald* the same witness testified (p. 6): "Q. Did

you look in that car? A. Yes. Q. Did you see something in there? A. Well, on the right side, on the passenger side in the front seat up under the seat there was a bottle containing—and well, what they use as a smoke pipe under the right seat on the passenger side up under the seat there and there was a bottle containing some kind of liquid fluid. Q. Is this the type of pipe commonly called the type used for smoking marijuana? A. Yes. . . Q. Did you then search this car? A. Well, I didn't search the car right then. I got the bottle out because I didn't have to search."

Both cases hinge on this testimony, because unless the sight of a "hash pipe" constituted the commission of a crime in the presence of the officers the arrest without a warrant was illegal and neither pulling the plastic envelope from Davidson's pocket or searching MacDougald's boot was legal as being (a) made in connection with a valid arrest under warrant or (b) with a crime committed in the officer's presence although without a warrant. The decision in *MacDougald,* being the testimony of the same witness as to the same transaction on an identical motion to suppress, constitutes a holding that no crime was being committed in the officers' presence at the time the automobile was searched. Therefore, seizing the envelope from Davidson's pocket is equally as illegal as seizing the envelope in MacDougald's boot. In view of the holding in *MacDougald* we have no option but to reverse.

It is also my opinion that a reversal is proper. The question was dealt with at length in *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286) quoting from Charles Reich's article "Police Questioning of Law Abiding Citizens" and from Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790), holding justifiable the search of an automobile where the officer has probable cause to believe that what he sees within it without a search is property the possession of which is itself a crime. "The point at which the routine protection of the public becomes an invasion of the right of privacy of the individual must rest on the particular circumstances involved." Id., p. 61. Possession of a "hash

pipe" is not illegal and will not justify an otherwise illegal search (although it may well constitute probable cause for believing the owner possesses marijuana to smoke in it) unless we substitute for the requirement that a crime *is being committed* in the officer's presence (*Code* § 27-207) the lesser requirement that the officer show probable cause for an inference that the suspect has committed or is commiting a crime. This does in fact appear to be the holding in *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647) which, quoting from Beck v. Ohio, 379 U. S. 89 (85 SC 223, 13 LE2d 142), states that the constitutional validity of an arrest without a warrant depends upon whether, at the moment the arrest was made, the officers had "trustworthy information . . . sufficient to warrant a prudent man in believing that the defendant had committed . . . an offense." This *is* the test for probable cause sufficient to cause a warrant to issue. It is *not* the test in Georgia for an arrest without a warrant; otherwise, there would be no difference for arrest with and without a warrant and it would not be necessary to obtain one. Both *Peters* and Beck were reversed because constitutional standards were not met—in the Beck case the ruling was simply that regardless of what it takes legally to validate an arrest without a warrant, it certainly takes as great a showing of probable cause as to obtain a warrant. The Beck case is of course correct in holding (and this was the only essential holding in that case) that if the evidence would not justify the issuance of a warrant it can never justify arrest without one. The factual difference in the *Peters* and the Beck cases lies in the difference between the statute laws of Georgia and Ohio. As held in United States v. Pierce, 124 FSupp. 264 (3) (US DC, N. D. Ohio): "State law determines the validity of arrests without warrant." See United States v. Di Re, 332 U. S. 581 (68 SC 222, 92 LE 210). The revised Code of Ohio, § 2935.04 allows arrest without a warrant when there is reasonable ground to believe a felony has been committed. Our Code on the other hand only allows such arrest if the offense *is being committed* in the presence of an officer

(§ 27-207), or by either an officer or private person "upon reasonable and probable grounds of suspicion"—that is, on probable cause—if (1) the offense is a felony and (2) the offender is attempting to escape. § 27-111.

Therefore, since no escape was being attempted and no crime was being committed in the presence of the officers, and all that they had to go on was the fact that they saw an object "under the seat" which looked like a "hash pipe" and therefore authorized the inference that whoever possessed it might also possess marijuana to smoke in it, extracting a packet from this defendant's pocket was equally as illegal as extracting a similar packet from MacDougald's boot. An illegal search can never be justified by the fruits of the search, and evidence illegally obtained may not be admitted against the defendant.

I further urge that *Peters v. State* be modified insofar as it appears to hold that search without a warrant can be based on an arrest merely on the inference that a crime *has been* committed.

I am authorized to state that Judge Clark concurs in what is said above.

PANNELL, Judge, dissenting. 1. Although conflicting, the evidence adduced on the motion to suppress certain evidence, a packet of marijuana and a "water" pipe or hashish pipe, was suffcient to authorize a finding that the search and seizure was done with probable cause. The majority opinion completely ignores the testimony of some of the police officers and takes that version of the case testified to by the defendant. The school police officer who did the searching testified that while outside the automobile, which the defendant had previously stated belonged to him, he saw a "water" pipe, or hashish pipe, in the automobile, and after seeing this he also saw a packet of the type usually used to package marijuana protruding from the pocket of the defendant, and the search of the automobile and the defendant then occurred. In the *MacDougald* case, the defendant there was with the defendant here, but in the *MacDougald* case the defendant there did not own the automobile, nor

did the defendant in the *MacDougald* case have a "tell tale" packet protruding from his pocket. In the *MacDougald* case the evidence shows that the defendant was taken into custody and "thereafter required to remove his boot by a policeman, who then removed therefrom a substance later shown to be marijuana." The evidence in that case was illegally obtained. The evidence here was seen in the open in the automobile of the defendant here and protruding from the pocket of the defendant here. This was sufficient to authorize the search, seizure and the arrest.

2. The packet of marijuana introduced in evidence, was sufficiently identified as the packet taken from the defendant and there was no break in the chain of possession. The trial court did not err in admitting this evidence.

3. The evidence is sufficient to authorize the conviction. The only other enumeration of error, not being mentioned or argued in the brief, is considered as abandoned, and there being no cause shown for reversal, the judgment of the trial court should be affirmed.

I am authorized to state that Judge Quillian concurs in this dissent.