## 48630. LYNN v. THE STATE.

PANNELL, Judge. 1. "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Code § 27-207. "This applies to arrests for misdemeanors as well as for felonies; though as to arrests for felonies somewhat greater latitude may be allowed in certain cases. *Porter v. State,* 124 Ga. 297, 302 (52 SE 283); *Thompson v. State,* 4 Ga. App. 649 (2), 652 (62 SE 568)." *Piedmont Hotel Co. v. Henderson,* 9 Ga. App. 672, 680 (72 SE 51). "We think that the words, 'in his presence' as used in the Penal Code (1910), § 917 [Code 1933, § 27-207], and the words 'within his immediate knowledge,' as used in § 921 [Code 1933, § 27-211] are synonymous. To justify the arrest without warrant, the officer need not see the act which constitutes the crime take place, if by any of his senses he has personal knowledge of its commission. Thus, if he hears shooting or other noises, and runs immediately to the place and finds the offender with evidence of the alleged crime on him, or finds the offender running away as if in apparent flight from the crime, and in

similar cases, the crime is considered as having been committed in the officer's presence or immediate knowledge." *Piedmont Hotel Co. v. Henderson,* 9 Ga. App. 672, 681, supra.

2. "[T]he constitutional validity of the arrest without a warrant depends 'upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense.' Beck v. Ohio, 379 U. S. 89, 91 (85 SE 223, 13 LE2d 142). 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. They are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879). There is also a great 'difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search.' Draper v. United States, 358 U. S. 307, 311-312 (79 SC 329, 3 LE2d 327). As Judge Learned Hand said in United States v. Heitner, 149 F2d 105, 106 (C. A. 2d Cir.): 'It is well settled that an arrest may be made upon hearsay evidence; and indeed, the "reasonable cause" necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties.' " *Peters v. State,* 114 Ga. App. 595, 596 (152 SE2d 647).

Where, as in the present case, it appears that at a certain location (a fairgrounds) there had been trouble with the selling of illicit drugs and the pattern generally followed was for the buyer to pass money to the seller, the seller leaves the scene, the buyer waits, and the seller comes back and surreptitiously passes the drugs to the purchaser, and a police officer at that location, with knowledge of the foregoing, is told by a stranger that he, the stranger, saw a person give money to another who left the scene and went toward a parking lot, and the person who passed the money is identified to the officer by this informant, whose identity is unknown to the officer, and the officer watches the person who passed the money from a distance and shortly another person (the defendant Lynn) comes from the parking lot and the two start walking away together, and the defendant seems to be holding something in his hand close to his trouser

leg and seems to pass that something to the one who passed the money, by passing something to the latter's hand hanging by his side at the same level, and the person to whom the package was passed turns around and walks back in the opposite direction and the defendant continues on; and when each in turn is accosted by a police officer and requested to step aside from the crowd for questioning, each in turn immediately runs; under these circumstances, probable cause for a subsequent arrest and subsequent search of the defendant exists under the statute, and the marijuana seized in the search of the suspected seller is admissible in evidence upon his trial on the charge of the commission of a felony in possessing marijuana. The subsequent events, as witnessed by the officer, showed the reliability of the informant. The cases of *Uva v. State,* 124 Ga. App. 486 (184 SE2d 200); *MacDougald v. State,* 124 Ga. App. 619 (184 SE2d 687); and *Davidson v. State,* 125 Ga. App. 502 (188 SE2d 124) do not require a different conclusion. The trial court did not err in overruling the motion to suppress this evidence.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 5, 1973 — DECIDED JANUARY 7, 1974 — REHEARING DENIED JANUARY 25, 1974 —

*Thomas R. Taggart,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Howard A. McGlasson, Jr.,* for appellee.