## 49118. JONES v. THE STATE.

EBERHARDT, Presiding Judge.

Appellant was arrested by Atlanta police officers on January 25, 1973, and he was subsequently charged with the misdemeanor offense of theft by receiving stolen property of the value of $10 (Criminal Code § 26-1806). Pursuant to Code Ann. § 27-313, appellant filed a timely

motion to suppress evidence seized from his automobile. After a hearing, consisting of the testimony of Officer Thornton, who made the search and seizure without a warrant, the trial court overruled the motion. Appellant appeals with a certificate for immediate review. *Held:*

1. The burden of proving that the search and seizure were lawful was upon the state (Code Ann. § 27-313 (b)), which sought to show, inter alia, that the search was incident to a lawful arrest under Code Ann. § 27-301. However, there was no arrest warrant, and the officer making the arrest, Officer Shattles, was not present to testify as to the conduct of the defendant and his companion which would possibly authorize an arrest without a warrant under Code § 27-207. The only evidence upon this matter was the hearsay evidence of Officer Thornton, who testified as to what Officer Shattles had told him about the occurrence after Shattles had already made the arrest. Such hearsay evidence cannot support a finding of a lawful arrest; and consequently the warrantless search and seizure cannot be upheld under Code Ann. § 27-301 as incident to a lawful arrest.

"Where it is material to explain how or why a search for property was made, it is competent to show that this was done in consequence of information received." *Cody v. State,* 124 Ga. 446 (52 SE 750); *Forbes v. State,* 51 Ga. App. 465 (2) (180 SE 914).

Of course this hearsay testimony would not be admissible during the trial of the case as affirmative proof of the facts stated. But on hearing a motion to suppress before the judge the issue is how or why the search was made and whether there existed probable cause for making it. It is well settled that there is no inhibition against hearsay in the showing of probable cause in an affidavit for obtaining a search warrant. *Strauss v. Stynchcombe,* 224 Ga. 859 (2) (165 SE2d 302); *Pass v. State,* 227 Ga. 730 (6 b) (182 SE2d 779). The judge may admit testimony on the hearing of a motion to suppress, though hearsay, showing how or why the search was made, giving it such weight and credit as he deems proper.

2. While the evidence as to what Officer Shattles told Officer Thornton cannot support a finding of a lawful arrest by Officer Shattles, this evidence is relevant as bearing upon the probable cause which Officer Thornton had to search appellant's automobile. Officer Thornton testified that on January 25, 1973, at approximately 12:25 a.m., he received a call to the rear of an address on Logan Circle, which is an "isolated industrial warehouse type area," where he found appellant and a companion in custody in the rear of Officer Shattles' patrol car after having been arrested for prowling. Shattles reported to him that he had observed the two young men at the rear of a carpet mill on Logan Circle, and that one of them "had a silver, chrome type flashlight; was searching, looking all around the rear of the building." "He also observed the [appellant] to be in possession of a large carpet, rug, sample type book. [Appellant] was acting rather suspicious. Like I said, this was very late at night and no one else out there except these two people . . . the people had parked a greyish Volkswagen very . . . up in the middle of the alleyway leading up into the rear of the carpet mill." Officer Thornton approached the Volkswagen and observed a "brown female purse" on the back seat of the automobile, which was seen from the outside. He retrieved the purse and found twelve or thirteen credit cards inside which did not belong to appellant but which it was later ascertained had been stolen from one Carole Ann Alverson, prompting the present charge of theft by receiving stolen property.

"[W]hile a warrantless search of a vehicle may result in the suppression of the evidence of the fruits of the illegal search where it is based upon an arrest not reasonable as without probable cause (Collins v. United States, 289 F2d 129), it is also true under some circumstances that the 'right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' Carroll v. United States, 267 U. S. 132, 158 (45 SC 280, 69 LE 543, 39 ALR 790)." *Anderson v. State*, 123 Ga. App. 57, 59 (179 SE2d 286).

Under the totality of the circumstances here, with

no females present and the purse in plain view, we are unable to hold that the trial court erred in overruling the motion to suppress.

*Judgment affirmed. Pannell and Evans, JJ., concur.*

SUBMITTED MARCH 6, 1974 — DECIDED APRIL 1, 1974 — REHEARING DENIED MAY 1, 1974.

*Howard, Howard & Hall, William V. Hall, Jr.,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Thomas E. Moran, Frank A. Bowers,* for appellee.