## 49939. HUNT v. THE STATE.

DEEN, Presiding Judge.

Under the stipulation of facts attached to this record in lieu of a transcript of evidence it appears that a state trooper stopped an automobile with three passengers and arrested the driver for speeding. Under a close inspection of the other occupants by flashlight he saw "part of a clear plastic bag and what appeared to him to be a corner of a small pack of paper in the left front trouser's pocket of the defendant, who was sitting in the rear seat." The officer had all men to descend from the car and demanded to see the papers, which defendant finally surrendered to him. They contained less than an ounce of marijuana. This appeal is from the denial of the motion to suppress the evidence so obtained. *Held:*

The officer did not claim to see any contraband at the time he ordered the defendant to descend and turn over to him the contents of his pocket. "A prisoner in police custody . . . is in no position to refuse to comply with the demands of the officer in whose custody he is placed whether such demand is couched in the language of a polite request or a direct order. If a command, the prisoner is directly forced to comply, and if a request, he is indirectly forced to comply." *Raif v. State,* 109 Ga. App. 354, 358 (136 SE2d 169); *Holtzendorf v. State,* 125 Ga. App. 747, 751 (188 SE2d 879). See also *MacDougald v. State,* 124 Ga. App. 619 (2) (184 SE2d 687): "The evidence here shows clearly that the defendant was not taken into custody while performing any illegal act. . . The search here was not within the authorization of a search without a warrant."

The trial court erred in denying the motion to suppress.

*Judgment reversed. Stolz and Marshall, JJ., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED DECEMBER 2, 1974.

*Reinhardt, Whitley & Sims, Ralph F. Simpson,* for appellant.

*Thomas H. Pittman, Solicitor,* for appellee.