50021. MERRITT et al. v. THE STATE.

EVANS, Judge.

An armed robbery had occurred in Manchester, Georgia. The robbers were allegedly three black males who had fled on foot. The Meriwether County officers

immediately set up a roadblock in Woodbury, Georgia, seeking to apprehend the robbers. An automobile occupied by three Caucasian males, driven and owned by Grimes, with Merritt as a passenger in the front seat and Bowling in the back seat, was stopped at the roadblock. One of the officers saw Merritt surreptitiously put "something" in his pocket. He advised another officer of what he saw. This officer ordered Merritt out of the automobile. At this point the officers admitted that the three white males were not under suspicion as being the robbers. Merritt was searched by reaching in his pocket and removing a marijuana cigarette. He was not "patted down" for a weapon search. Merritt was placed under arrest, and the automobile was then searched and other marijuana was found in the glove compartment and the console of the automobile.

Merritt, Grimes and Bowling were jointly indicted for possession of marijuana. A motion to suppress the evidence was filed, heard and denied. Defendants appeal. *Held:*

1. Under a warrantless search and seizure, the burden of proving that the search and seizure were lawful is upon the state. Code Ann. § 27-313 (b); *Jones v. State,* 131 Ga. App. 699 (1) (206 SE2d 601).

2. The state contends it searched defendant Merritt for the protection of the officers at the roadblock as authorized by Code Ann. § 27-301 (a). A limited right to stop automobiles on the highway is allowed under the state's police power. *Anderson v. State,* 123 Ga. App. 57 (2) (179 SE2d 286). But the evidence, even if it might be said that a search for weapons was necessary, shows that the officer did not merely "pat down" defendant Merritt, but reached in his pocket and took out the marijuana cigarette when another officer contended he saw defendant Merritt place "something" in his pocket. This shows the search was not under any suspicion of the crime for which he was stopped at the roadblock but because the officer was interested in what defendant Merritt had in his pocket — a marijuana cigarette. See *Brooks v. State,* 129 Ga. App. 109 (198 SE2d 892); *Uva v. State,* 124 Ga. App. 486 (184 SE2d 200); *Holtzendorf v. State,* 125 Ga. App. 747 (188 SE2d 879); *Ivins v. State,* 129 Ga. App. 865

(201 SE2d 683).

3. A mere limited "pat down" of his outer clothing would have satisfied his suspicion that there was no weapon in his pocket. See Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). Only a limited search is permitted, i.e., to "stop and frisk." Instead he searched his pocket and removed a cigarette which was a "reefer." The automobile was then searched after the resulting illegal arrest of Merritt, for no reasonable cause existed to make a search of his person as was done. This rendered the entire search thereafter unlawful, and the articles seized were fruit of the unlawful arrest. Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441); Sibron v. New York, 392 U. S. 40 (88 SC 1889, 20 LE2d 917); *Davidson v. State,* 125 Ga. App. 502 (188 SE2d 124); *Kelly v. State,* 129 Ga. App. 131 (198 SE2d 910).

4. The motion to suppress should have been granted. *Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED JANUARY 13, 1975 — DECIDED FEBRUARY 13, 1975.

*Elkins, Flournoy & Garner, Thomas M. Flournoy, Jr.,* for appellants.

*Eldridge W. Fleming, District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.