60648. DUFFY et al. v. THE STATE.
60649. BATES v. THE STATE.

DEEN, Chief Judge.

Kenneth Duffy, Roy Perkins and Philip Bates appeal following their convictions for armed robbery and aggravated assault.

1. Appellants contend that the trial court erred in failing to grant their motions to sever. Under Code § 27-2101 " . . . for a felony less than capital, or for a misdemeanor, defendants may be tried jointly or separately in the discretion of the trial court." The trial court's ruling will not be overturned except for an abuse of discretion. *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973). At the hearing on his motion, the defendant bears the burden of making a clear showing of prejudice and a resulting denial of due process, and the trial court in exercising its discretion should consider: "1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights?" *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975).

We do not find that the number of defendants created confusion. All were charged with the same offenses and we do not believe that the jury could be confused as to the evidence and the law applicable to each Appellants contend that they were deprived of a fair trial, however, because the state introduced statements made by all three defendants which mentioned the co-defendants. The trial court determined that the statements were voluntarily made and admissible and charged the jury that the statement was not to be considered as evidence against a co-defendant and that the statement could not even be considered against the defendant who made it until it was first determined that the statement was freely and voluntarily given. We find that the court's instructions to the jury were very clear and that confusion did not arise. There were no antagonistic defenses. None of the defendants testified or presented evidence on his own behalf. Clearly, all three were relying on the presumption of innocence.

2. The trial court did not err in overruling appellants' motions to suppress evidence seized following their arrest because the arrest was not illegal. " '(T)he constitutional validity of the arrest without a warrant depends "upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonable trustworthy information were sufficient to warrant a

prudent man in believing that the (defendant) had committed or was committing an offense." Beck v. Ohio, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142). "In dealing with probable cause, . . . as the very name implies, we deal with probabilities. They are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879). There is also a great "difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search." Draper v. United States, 358 U.S. 307, 311-312 (79 SC 329, 3 LE2d 327). As Judge Learned Hand said in United States v. Heitner, 149 F2d 105, 106 (C. A. 2d Cir.): "It is well settled that an arrest may be made upon hearsay evidence; and indeed, the 'reasonable cause' necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties." ' *Peters v. State,* 114 Ga. App. 595, 596 (152 SE2d 647)." *Lynn v. State,* 130 Ga. App. 646 (204 SE2d 346) (1974).

In the present case, the robbery and assault occurred around midnight and the arresting officer was notified about 1:30 a.m. and was informed by the victim that he had been robbed and assaulted. The owner of the place where the robbery occurred and another person who was present on the premises but did not witness the incident gave the officer the names of the appellants as the persons who were believed to have committed the crime and described the vehicle in which the suspects were traveling. The officer searched for the men and found them about 2:00 a.m. in the described automobile. He stopped them and when one of the men got out of the vehicle the officer observed blood on his pants. "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Code Ann. § 27-207 (a). Clearly, the stop and subsequent arrest was justified as the men fled from the scene of the crime in an automobile, and such a stop is clearly distinguished from that envisioned in Delaware v. Prouse, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979), where a police officer detained a motorist solely to check his driver's license and registration.

3. The trial court also did not err in overruling appellants' motions to suppress statements made to police officers after their arrest. This court must accept the factual determinations made by the trial court unless they are shown to be clearly erroneous. *Jones v. State,* 245 Ga. 592 (1) (266 SE2d 201) (1980). We have examined the

transcript of the Jackson-Denno hearing and affirm the ruling of the trial court.

4. Duffy and Perkins contend that the trial court erred in not granting their motion for a continuance after the identity of the informants was disclosed at trial out of the presence of the jury. Prior to trial the defendants had filed a Brady motion and requested the names of the informants. Prior to trial, the district attorney had given appellants' attorney his entire file, but the informants' names were not in the file because they were not known to the prosecution. Appellants did not ask the officer the informants' names after the discovery motion was granted or object that it was omitted from the file. When the informants' identities were disclosed, Perkins' attorney moved for a continuance, but the motion was not ruled upon or renewed. Although the trial lasted more than one day, no attempt was made to subpoena the informants. The arresting officer testified that if he had been asked prior to trial, he would have revealed the names of the informants. We find that appellants' action constituted a waiver.

5. The trial court did not err in refusing to suppress eyewitness identification of defendant Duffy by the victim. The evidence showed that the victim voluntarily appeared at the police station shortly after the defendants had been transported to the police station. He testified that he had a face to face confrontation in a well-lighted parking lot when he was attacked and especially noticed the defendant's eyes although he could not give a description of his attacker to the police. The victim did not know that the men who were present in the room when he appeared at the police station were suspects in his case and without any suggestion from officers immediately pointed Duffy out as his attacker. Under these circumstances, we do not find that the trial court erred in allowing the jury to hear the identification testimony. See *Hobbs v. State,* 235 Ga. 8 (218 SE2d 769) (1975); *Daniel v. State,* 150 Ga. App. 798 (258 SE2d 604) (1979).

6. Bates alleges the general grounds. After examining the entire transcript we find that a rational trier of fact could have found the accused guilty beyond a reasonable doubt. *Stinson v. State,* 244 Ga. 219 (259 SE2d 471) (1979).

7. We also find that the trial court did not err in denying Duffy's and Perkins' motion for a new trial.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED SEPTEMBER 10, 1980 — DECIDED OCTOBER 21, 1980 — REHEARING DENIED DECEMBER 19, 1980 IN CASE No. 60648.

*R. Michael Key,* for appellants. (Case No. 60648).
*Franklin H. Thornton,* for appellant (Case No. 60649).
*William F. Lee, Jr., District Attorney,* for appellee.