## 62513. NELSON v. THE STATE.

BIRDSONG, Judge.

Willie Lee Nelson appeals his conviction for possession of cocaine. We affirm.

1. On the morning of August 5, 1980, Cheryl Hunter called the Valdosta Police Department to report that Nelson, another man, and three women, all of whom she identified by name, had entered her apartment at 3:30 a.m., wielding a shotgun. The perpetrators woke Ms. Hunter's boyfriend and threatened to shoot him if he did not produce a "package." Unsuccessful, they eventually took $450 from Ms. Hunter and left in an automobile about 7:00 a.m. One of the women was known to reside in the Southern Motel, and the police immediately went to her room and knocked on the door, identifying themselves. A woman told them to come in, and when she opened the door they found all five suspects. Because a shotgun was involved in the robbery, the police officers ordered everyone to get in the middle of the room. Nelson ran for the bathroom where one officer grabbed him and they struggled. Nelson took something out of his pocket and tried to flush it down the toilet, but the officer retrieved a foil packet

which was later determined to contain cocaine. There was testimony that these five people had visited Ms. Hunter's apartment to purchase cocaine from her boyfriend the night before.

Nelson asserts that the trial court erred in failing to grant his motion to suppress evidence of the cocaine which was confiscated as a result of an illegal arrest. Although the pretrial hearing on the motion to suppress is not included in the record before this court on appeal, the testimony adduced at trial may be utilized to show whether or not there was probable cause for a warrantless arrest. *Sanders v. State,* 235 Ga. 425, 431 (219 SE2d 768). "The constitutional validity of the arrest without a warrant depends 'upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (defendant) had committed or was committing an offense.' Beck v. Ohio, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142). 'In dealing with probable cause . . . as the very name implies, we deal with probabilities. They are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879). There is also a great 'difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search.' Draper v. United States, 358 U. S. 307, 311-312 (79 SC 329, 3 LE2d 327). As Judge Learned Hand said in United States v. Heitner, 149 F2d 105, 106 (C. A. 2d Cir.): 'It is well settled that an arrest may be made upon hearsay evidence; and indeed, the "reasonable cause" necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties.' *Peters v. State,* 114 Ga. App. 595, 596 (152 SE2d 647). *Lynn v. State,* 130 Ga. App. 646 (204 SE2d 346) (1974)." *Duffy v. State,* 156 Ga. App. 847 (2) (275 SE2d 658).

We have no hesitation in finding from the evidence before us that appellant's arrest was authorized pursuant to Code Ann. § 27-207 to prevent " a failure of justice for want of an officer to issue a warrant." The police were looking for five suspects fleeing by automobile from an armed robbery at an address known to be the residence of one of them. In all probability, it was not appellant but the tenant of the premises, who consented to the police entry, who was the object of the pursuit and arrest. However, when all five suspects were encountered together, the instruction to get in the middle of the room was only prudent in light of the reported weapon.

The police not only had reason to believe that the appellant had recently committed the crime of armed robbery, they actually saw him try to destroy the cocaine he was carrying. Compare *Starr v. State,* 159 Ga. App. 386. In any event, appellant has no standing to challenge the seizure of the cocaine, as he abandoned it by attempting to flush it down the toilet when he became aware of the police presence. *Marshall v. State,* 153 Ga. App. 198 (1) (264 SE2d 718).

2. Nelson admitted under cross examination that he pulled something from his pants pocket and threw it in the toilet, but claimed that it was a marijuana "joint." The state's evidence showed that the substance in the foil packet Nelson threw in the toilet was cocaine. "The trial court's refusal to direct a verdict of acquittal is error only where there is no conflict in the evidence and a verdict of a acquittal is demanded as a matter of law. Code Ann. § 27-1802 (a); [Cit.] In reviewing the denial of a motion for directed verdict as well as in considering the sufficiency of the evidence to sustain a conviction, the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cits.]" *Sims v. State,* 242 Ga. 256, 257-258 (248 SE2d 651). The evidence here was sufficient to establish appellant's possession of cocaine beyond reasonable doubt. Accord, *Pickard v. State,* 152 Ga. App. 707 (2) (263 SE2d 679).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 26, 1981.

*James F. Council, Jr.,* for appellant.
*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.