## 57860. JOHNSON v. THE STATE.

BIRDSONG, Judge.

Bobby L. Johnson was convicted of burglary and sentenced to serve 14 years. He enumerates four errors, two dealing with in-court identifications by two witnesses, one dealing with the impeachment of a state's witness by the state, and the last concerning allegedly improper argument by the state prosecutor. *Held:*

1. The first two enumerations refer to the testimony of two witnesses who saw a person at the scene of the burglary whom they identified as the appellant. Both witnesses had been shown a series of photographs shortly after the burglary and neither could make a positive identification of Johnson though each said that a photograph of Johnson seemed to be the most like the burglar. At an earlier trial (resulting in a mistrial), one witness gave slightly different testimony than that at the present trial as to whether he had seen Johnson's face or not. Both witnesses testified unequivocally however that they based their in-court identification upon their

eyewitness observation of the accused at the scene of the burglary and were reasonably certain that he was the man at the scene.

In essence appellant argues that the testimony of the two witnesses had been so severely impeached that their in-court identification should have been suppressed by the trial court. We disagree.

In a case involving an allegedly suggestive showing of photographic representations to a victim or witness, reliability is the linchpin in determining the admissibility of identification testimony. *Burrell v. State,* 239 Ga. 792, 793 (239 SE2d 11). Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) enunciated a two-part test. The first inquiry is whether the photographic display was impermissibly suggestive. Only if it was does the court need to consider the second question: whether there was a very substantial'likelihood of irreparable misidentification. If the judge does not find as a matter of law both that the picture spread was impermissibly suggestive and that there is a substantial likelihood of irreparable misidentification, the in-court identification may be put before the jury. United States v. Sutherland, 428 F2d 1152 (5th Cir. 1970); *Thomas v. State,* 148 Ga. App. 222, 223 (251 SE2d 136). In this case, the witnesses at least by implication indicated that the photographic lineup had no impact upon them in that they were not able to make a positive identification. However, both were emphatic that their in-court identification was based upon their personal observation of the appellant at the scene. There being no clear indication that the photographic display was impermissibly suggestive, the trial court did not err in submitting the in-court testimony to the jury. Questions of credibility and weight to be attached to testimony are matters clearly for the jury. The province of the jury as the exclusive arbiters of fact is holy ground, not to be approached by a trial court and the trial court should remain totally aloof on contested questions of fact. *Taylor v. State,* 2 Ga. App. 723, 729 (59 SE 12). These enumerations are without merit.

2. In his third enumeration of error, Johnson complains that the trial court erred in allowing the state

to impeach its own witness. At the earlier trial, the appellant's nephew testified that Johnson had broken into the burglarized trailer and allowed the witness to enter and assist in the burglary. The witness had entered a plea of guilty to his part in the burglary. Prior to the retrial, on the morning trial was to begin, the witness indicated that he was going to recant. After much discussion, the last statement by the witness was that he would "tell the truth." When called as a witness, the nephew denied that his uncle, the appellant, had been the second person at the burglary and named a second man (whom the witness had originally named when first interrogated by the police). The state was then allowed to claim surprise and cross examine the witness based upon the testimony at the first hearing of the case. Appellant objected then and continues to argue that the state was not surprised and thus not entitled to rely on the doctrine of surprise.

To establish entrapment under Code Ann. § 38-1801, it is not necessary that the witness' testimony be a complete surprise. The state may be allowed to use prior written testimony, even though the prosecutor was aware that the witness had indicated that he might recant or had given different statements to the defense counsel. It is sufficient that the prosecutor believed that the witness would testify consistently with the earlier testimony. *Ellenburg v. State,* 239 Ga. 309, 310 (236 SE2d 650). We find this enumeration to be without foundation.

3. In his last enumeration of error, appellant argues that the trial court erred in not reprimanding the prosecutor for commenting on the dress of the defendant and thereby materially prejudiced the rights of the appellant to a fair trial. The comment was to the effect that in spite of 25 degree weather, the appellant was dressed in short sleeves and light clothes. The prosecutor affirmatively stated that he was not contending that such was the apparel of a criminal but was a factor to consider.

While counsel should not be permitted in argument to state facts which are not in evidence, it is permissable to draw deductions from the evidence, and the fact that a deduction may be illogical, unreasonable, or even absurd, is a matter for reply by adverse counsel and not rebuke by

the court. *Owens v. State,* 120 Ga. 209 (3) (47 SE 545). In this context, the prosecutor did not remark on evidence not before the court. He remarked upon a fact that was obvious to the jury, the appearance of the appellant. Similar comments had been stated in the negative by the defense in his closing argument, i.e., that the appellant's appearance should not be held against him. Thus, we can consider the prosecutor's remarks as a form of rebuttal. Even if we assume that the argument was improper, the comment was not relevant to any issue in the case, it was not a comment upon any issue in the case, and within the context of the entire case, we conclude that it is highly improbable that, if error, such error contributed to the verdict of the jury. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). Appellant having enumerated error, he must show an error which has hurt him. This court does not expound theoretical law, but administers practical law, and corrects such error as may have practically wronged the complaining party. *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53). We find this enumeration to be without substantial merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MAY 10, 1979 — DECIDED JUNE 7, 1979 — REHEARING DENIED JUNE 22, 1979 —

*Henry & Wood, Jon Bolling Wood,* for appellant.
*William M. Campbell, District Attorney, James A. Meaney, III, Assistant District Attorney,* for appellee.