58738. JOHNSON et al. v. THE STATE.

DEEN, Chief Judge:

This case involves the $64.00 question!

Jo Ann Johnson and Serita Holland bring this appeal following their conviction for robbery. The evidence showed that the victim was accosted by two prostitutes near an Atlanta hotel, that a scuffle took place between the defendants and the victim, that the victim's clothing was torn, and that he cried out to a police officer, "I think they are trying to rob me." The women were arrested and subsequently searched. One of the women was found with

$64 on her person and the other with $85.

1. Appellant contends that the trial court erred in overruling his objection to that portion of the district attorney's opening statement which informed the jurors that the state would produce evidence of three previous similar incidents. He explained that the purpose for which the other offenses would be introduced was only to show a similar course of conduct and to show what the defendants intended in their dealings with the victim. The district attorney very carefully explained that the evidence would not in any way be an attempt to try the defendant for the other offenses. The defendants' motion in limine which sought to prevent the introduction of such testimony was overruled shortly before the trial began.

Evidence of independent crimes is admissible if there is evidence that the defendant in fact perpetrated the independent crimes and if there is a sufficient similarity or connection between the independent crime and the offense charged. *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515) (1977). As the prosecutor only argued what he expected the evidence to prove, that the evidence of the independent crimes would be introduced for a specified limited purpose, and evidence of the similar crimes is admissible if it meets the requirements set forth in *Hamilton v. State,* supra, we find no error in the trial court's ruling. See *Daniels v. State,* 58 Ga. App. 599 (199 SE 572) (1938).

2. The evidence showed that on several prior occasions, these defendants had approached other men in downtown Atlanta, and while attempting to solicit for prostitution, robbed them. The trial court did not err in admitting this evidence for the limited purpose of showing motive and scheme. *Hamilton v. State,* supra. The three prior cases substantially show similarities of all involving a type testicle twisting tightening touching technique. Ironically one of these prior occasions resulted in the taking of an exact sum of $64 from the victim.

3. Evidence of defense counsel's act in releasing the $64 found on one of the defendants to the victim and the stipulation between a police detective and counsel that the release of the money would not be used against his clients was admissible. The evidence would authorize a jury to

find that the attorney was acting for appellants. Code Ann. § 9-605.

4. When the evidence warrants a conviction for the crime alleged in the indictment, the trial judge must charge the jury on the crime specified. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976). The evidence authorized the charge on robbery.

5. Appellants also complain that the trial court erred in not fully and fairly charging on their contentions. They do not, however, show what their contentions were and they did not make a request to charge on them. The trial court charged that they contended that they were not guilty of robbery and that the state had not met its burden of proof. The court also charged that the state had the burden of proof and that if the state failed to prove beyond a reasonable doubt that a robbery occurred, they should be acquitted. We find no error.

6. Finally, appellants contend that the trial court erred in failing to grant their motion for a directed verdict of acquittal on the grounds that the state failed to meet its burden of proof. The police officer's testimony that he witnessed a struggle between the two women and the victim, and that the victim's clothing was torn, that Ms. Holland had her hand in the victim's pocket and was striking him, the victim's outcry, evidence that money was found on the defendants, and the release of $64 found on one of the defendants to the victim are sufficient circumstantial evidence to authorize a jury to find that the victim was robbed by the defendants. See *Walker v. State,* 225 Ga. 734 (2) (171 SE2d 290) (1969); *Parker v. State,* 142 Ga. App. 396 (236 SE2d 141) (1977).

One of the appellants testified: "He put my hand down in his zipper. I kept it down there. I touched him. Then, you know, we didn't even talk about money at first. He knowed that is what I wanted but it never got to that." Appellant admits that testicle touching and money was involved but is suggesting a voluntary commercial contract or pact of prostitution.[1] Apparently the jury

---

[1]Prostitution is now popularly labeled by many as a victimless commercial crime. Advocates within the law, as

chose to disbelieve this defendant's version of what happened and believed on the other hand the evidence of the state. "Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." *Brown v. Matthews,* 79 Ga. 1 (4 SE 13) (1887).

*Judgment affirmed. Shulman, J., concurs. Carley, J., concurs in Divisions 1 through 5 and in the judgment.*

ARGUED OCTOBER 3, 1979 — DECIDED NOVEMBER 30, 1979.

*Guy E. Davis, Jr.,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.

---

well as many theologians and philosophers, today suggest decriminalization of prostitution, incest, adultery, sodomy and other acts between so called consenting parties. See Quest for Justice, American Bar Association, 1973, p. 85. *Pierce v. State,* 145 Ga. App. 680, 684 (244 SE2d 589) (1978); *Spillers v. State,* 145 Ga. App. 809, 810 (245 SE2d 54) (1978).