## 64876. MOORE v. THE STATE.

SHULMAN, Chief Judge.

Appellant was tried and convicted, along with his accomplice, of four counts of armed robbery and one count of aggravated sodomy. The convictions arose from two robberies of the Spring Street Package Store in Atlanta. The first robbery, which led to three counts of armed robbery, occurred on October 29, 1981, and involved the owner of the store, his wife, and two customers. The second robbery, which led to one count of armed robbery and one count of aggravated sodomy, occurred on November 9, 1981, and involved the store owner and an employee. Appellant enumerates on appeal three grounds of error.

1. The first enumeration of error challenges the trial court's admission of testimony of appellant's arresting officer regarding the circumstances of appellant's arrest on November 25, 1981. The arrest was made while appellant and his accomplice allegedly were in the process of perpetrating a residential robbery. Appellant contends that this testimony constituted inadmissible evidence of an independent, unrelated crime. However, "[i]t is well settled that all of the circumstances connected with an accused's arrest, including any items taken from his person, are admissible as evidence at trial, even those that establish the commission of another criminal offense." *Reese v. State,* 145 Ga. App. 453 (4) (243 SE2d 650). This enumeration is, accordingly, without merit.

2. Appellant's second enumeration of error addresses the trial court's denial of his motion to sever the trial of the counts relating to the October 29 robberies from those relating to the November 9 robberies. Both robberies were perpetrated by appellant and his accomplice, involved the same store and store owner, and occurred within 11 days of one another. "[T]wo or more defendants charged with different offenses may be tried jointly where the offenses were part of a common scheme or plan." *Padgett v. State,* 239 Ga. 556, 559 (238 SE2d 92). "It is not an abuse of discretion in the interest of justice for the judge to refuse a motion for severance of the trial of multiple charges where the crimes alleged were part of a continuous transaction conducted over a relatively short time, and '. . . from the nature of the entire transaction, it would be almost impossible to present to a jury evidence of one of the crimes without also permitting evidence of the other . . .'" *Stewart v. State,* 239 Ga. 588, 589 (238 SE2d 540). Due to the similarity in the nature of the crimes charged, the identity of the perpetrators, location, and at least one victim, and their close proximity in time, we find no abuse of discretion in denying appellant's motion to sever.

3. Appellant's final enumeration of error addresses the trial court's denial of his motion for a directed verdict of acquittal. The motion was based on alleged insufficiency of evidence and inconsistencies in witnesses' testimony. A review of the trial transcript reveals ample evidence from which any rational trier of fact could conclude beyond any reasonable doubt that appellant was guilty of all offenses charged. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560). It is not for this court to weigh the evidence presented, and a directed verdict of acquittal should be granted only where there is no conflict in the evidence and the verdict of acquittal is mandated as a matter of law. *Paulk v. State,* 161 Ga. App. 89 (289 SE2d 257). It was not error to deny appellant's motion for directed verdict of acquittal.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1983.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Wendy Shoob, Assistant District Attorneys,* for appellee.