## 65931. HARDEN v. THE STATE.

BANKE, Judge.

The defendant appeals his convictions of rape, burglary, and aggravated assault. *Held:*

1. In his first enumeration of error, the defendant complains of the admission of evidence that he had committed another rape and a battery in the same neighborhood a week earlier.

"Evidence of independent crimes is admissible if there is evidence that the defendant in fact perpetrated the independent crimes and if there is a sufficient similarity or connection between the independent crime and the offense charged." *Johnson v. State,* 152 Ga. App. 624, 625 (263 SE2d 509) (1979). Both the victim of the prior crimes and her daughter positively identified the defendant as the perpetrator, and the similarities to the crimes being tried were striking. The two assaults took place at about 9:00 p.m., exactly one week apart, in the same subdivision. Both victims were attacked at home while their children were preparing for bed, both victims were asked by their assailant to give their names, and in both cases only the lower portion of their clothing was removed. In addition, the physical descriptions of the assailant provided to police by the victims, including the description of his clothing, were quite similar. It follows that the trial court did not err in admitting the evidence.

2. The defendant contends that the state impermissibly placed his character in evidence by presenting the testimony of a police officer to the effect that the tires on a car belonging to the victim of the previous rape had been slashed. The testimony was admitted conditionally, subject to connection with subsequent evidence, and no further objection was made. This precludes review of the issue on appeal. " 'Where testimony is provisionally or conditionally

admitted, counsel must renew his objection to it later and invoke a final ruling if he still desires its exclusion, and on his failing to do so no valid assignment of error can be made upon the court's ruling.' [Cits.]" *Timberlake v. State,* 246 Ga. 488, 495 (271 SE2d 792) (1980).

3. During cross-examination of a character witness for the defendant, the state's attorney asked the witness whether he was aware of appellant's arrest in 1979 for rape and burglary. Out of the presence of the jury, the trial court agreed that the inquiry was improper, and the court then gave certain curative instructions requested by the defendant. Defense counsel did not request a mistrial until the next day, after the close of evidence. Under these circumstances, the motion must be considered as having been waived. See *Favors v. State,* 145 Ga. App. 864, 867 (244 SE2d 902) (1978). Moreover, we note that in his opening statement to the jury, defendant's counsel had informed the jury of the very same incident.

4. The defendant contends that the court erred in allowing the state to comment upon his failure to testify at his preliminary hearing. This enumeration distorts the facts to some extent. In an attempt to impeach identification testimony provided by one of the victims, defense counsel cross-examined her concerning her failure to identify him at the preliminary hearing. On redirect examination, the witness testified that the defendant was not present at the preliminary hearing and that his counsel requested that he not be brought in for identification. The state's attorney commented on this testimony in final argument. Under these circumstances, we cannot agree with the defendant's contention that the testimony and argument concerning his absence at the preliminary hearing are impermissible violations of his constitutional right to remain silent. Both the evidence and the argument dealt only with the identification issue, a matter initiated by the defense. In any event, the record discloses no objection to the argument. "Failure to object amounts to a waiver." *Gerdine v. State,* 136 Ga. App. 561, 563 (222 SE2d 128) (1975).

5. Finally, defendant contends that the court erred in admitting certain scientific reports which were not provided to him at least 10 days prior to trial pursuant to OCGA § 17-7-211 (Code Ann. § 27-1303). This enumeration has no merit since the request made was a general *Brady* motion without reference to scientific reports. See *State v. Meminger,* 249 Ga. 561 (1) (292 SE2d 681) (1982); *State v. Madigan,* 249 Ga. 571 (2) (292 SE2d 406) (1982).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 5, 1983 —
REHEARING DENIED APRIL 15, 1983 —

*Mark J. Nathan,* for appellant.
*Spencer Lawton, Jr., District Attorney, Michael A. Lewanski, Assistant District Attorney,* for appellee.