64259. PERANO et al. v. THE STATE.

CARLEY, Judge.

Appellant Alan Perano was convicted of driving under the influence of a drug, methaqualone, in violation of OCGA § 40-6-391(a)(2) (Code Ann. § 68A-902). His wife, appellant Becky Perano, was convicted of public drunkenness and obstruction of an officer. They appeal from the judgments of conviction and sentences entered on jury verdicts of guilty. The facts, insofar as they are relevant on appeal, are sufficiently stated in *Perano v. State,* 250 Ga. 704 (300 SE2d 668) (1983) and will not be repeated here.

1. Appellant Alan Perano first asserts that the trial court erred in overruling his motion to suppress the results of his state-administered blood test. The basis for this assertion is that he was not advised "at the time of his arrest" of his rights to an independent test pursuant to OCGA § 40-6-392(a) (Code Ann. § 68A-902.1). This issue was resolved in *Perano v. State,* supra, p. 707

wherein the Supreme Court, in answering a certified question from this court, held: "The legislature has recognized that, in most instances, the only time at which this advice [concerning the right to an independent test] will be meaningful is at the time of physical arrest. However, we acknowledge that certain limited situations may exist where advising the accused at the moment of physical arrest would not enable the accused to make an intelligent choice concerning the state's request and his right to undergo an independent test. We believe that the facts of the case before us present such a situation. From our study of the record we conclude that the fracas which occurred between the Peranos and the arresting officer would have rendered any notice of a right to an independent blood analysis meaningless if given at the time of physical arrest. It was not inappropriate, in this situation, for the officer to advise Mr. Perano of this right at the hospital prior to the administration of the state's test."

The motion to suppress was not erroneously denied.

2. Appellant Alan Perano enumerates as error the failure to give a charge without request on the presumption of sobriety contained in OCGA § 40-6-392(b)(1) (Code Ann. § 68A-902.1), providing that if there is present "0.05 or less by weight of alcohol in the person's blood, it shall be presumed that the person was not under the influence of alcohol." This argument is premised upon the evidence that the state-administered test showed the presence of 0.01 alcohol in appellant's blood. (T-28.)

Even had such an instruction been requested in the instant case, it would not have been erroneously refused. By its very terms, OCGA § 40-6-392(b) (Code Ann. § 68A-902.1) deals with presumptions relating to driving "under the influence of *alcohol*." The ultimate issue before the jury in the instant case was appellant's impaired ability to drive as the result of being under the influence of methaqualone. The evidence was that appellant's blood alcohol content was "negligible" and would enhance the effects of the methaqualone "a very slight amount." Under these circumstances, the presumption of sobriety contained in OCGA § 40-6-392(b) (1) (Code Ann. § 68A-902.1) would be irrelevant and it was not error to fail to charge it to the jury.

3. The giving of a certain instruction to the jury is enumerated as error. The only objection regarding the charge as given which was raised in the trial court has already been addressed in Division 2. There was no reservation of the right to raise further objections to the charge in a future motion for new trial or on appeal. Accordingly, the asserted error in this enumeration has been waived. *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979).

4. Appellant Becky Perano enumerates the general grounds as to her conviction for obstructing an officer. The argument advanced in support of this enumeration is that the arrest of her husband was illegal because of the officer's failure to advise him of his rights under OCGA § 40-6-392 (Code Ann. § 68A-902.1) "at the time of his arrest" and that her actions in defense of her husband were thus "justified" under OCGA § 16-3-21 (Code Ann. § 26-902). Any question as to a violation of appellant Alan Perano's rights under OCGA § 40-6-392 (Code Ann. § 68A-902.1) has been resolved in Division 1 of this opinion. His arrest was not illegal for the ground asserted and appellant Becky Perano's actions cannot be considered as a "justifiable" reaction to an illegal arrest.

*Judgments affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JULY 13, 1983 —
REHEARING DENIED JULY 26, 1983.

*Jack E. Boone, Jr., John P. Batson,* for appellants.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.