## 66594. RICHARDSON v. THE STATE.

BIRDSONG, Judge.

Joe Lewis Richardson was convicted of robbery, two counts of aggravated assault and burglary, and sentenced to serve ten years. He brings this appeal enumerating four asserted errors. *Held:*

1. In his fourth enumeration of error, Richardson argues the evidence is insufficient to support the convictions. The facts pertinent thereto show that the two victims had checked into a motel for the evening. The male victim went to an ice machine to get ice in a furnished bucket and returned to the room. As he entered the room, he was followed closely by a black male. This person immediately started pummeling the victim and demanding money. The victim gave the robber his money consisting of a $100 bill and several $20's amounting to over $200. The robbery victim was knocked to the floor and was rendered semi-comatose by the robber's blows. The victim then perceived that the robber had obtained his (the victim's) knife and while the victim was on the floor, the robber stabbed the victim several times in the back and apparently once on the head. The robber then passed over the robbery victim and grasped the female victim who was lying fully clothed on a bed. The robber placed the knife at her throat and stated he would "cut off her head" if she did not submit to a sexual act. Meanwhile, the male victim regained enough composure and strength to arise and run from the motel room calling for help. The robber ran from the motel room and made his escape.

Moments later, one of the owners of the motel was approached by the appellant Richardson who had blood on his shirt and was

asked by Richardson to break a $100 bill. When she refused, Richardson left the motel office. A few hundred feet away (approximately a block away), Richardson sought to have a $100 bill changed by making a small purchase in a convenience store. Once again, he was unsuccessful. At that point in time, Richardson apparently became embroiled in an argument with a man and his wife and the husband struck Richardson, causing Richardson to have a bloody nose. Richardson then went outside the convenience store and sat on a bench.

The police had been called to the scene of the robbery and stabbing. The first report as understood by the police was that the stabbing victim had run from the motel. A call was placed to be on the lookout for such a person. Approximately 7-10 minutes after the robbery, a policewoman saw Richardson sitting outside the convenience store, and observing the bloody shirt, stopped and obtained his identification. However, Richardson established he had not been stabbed and he explained the blood on his shirt as the result of a fight in the store. He thus was allowed to depart toward his home. By the time this information was called to the motel, the office there had determined that the stabbing victim was still at the motel; therefore, the female officer was asked to try to reestablish contact with the person she had just released. Richardson was still walking toward his home and was approached by the officer. When asked if he would accompany her to the motel, he agreed to do so. As soon as the police car arrived at the motel, the motel owner, and the male and female victims all identified Richardson as being the person who had committed the burglary, robbery and two aggravated assaults.

Richardson offered evidence of an alibi and innocent presence in the vicinity of the motel. He contended that he had won the money found in his possession (a $100 and seven $20 bills) in a poker game. He explained the blood on his shirt as being caused by his own bleeding nose. Finally, he contended that his identification was based upon an irreparable misidentification.

We will not speculate what evidence the jury chose to believe. On appeal from a finding of guilty, the presumption of innocence no longer prevails; the fact finder has determined the credibility of witnesses and has been convinced beyond reasonable doubt of guilt. This court simply reviews the evidence to determine if there is evidence of a sufficient quantum and quality to authorize the jury to return the verdict of guilty. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Blackwell v. State,* 139 Ga. App. 477, 478 (228 SE2d 612). Although in this case the evidence was in conflict as to identity, it was for the jury to resolve such conflict. The jury resolved this in favor of the state, and this court will not substitute its judgment for that of the

jury. *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293). We have no hesitancy in concluding that the jury was presented with evidence sufficient to convince any rational trier of fact beyond reasonable doubt that a finding of guilt was warranted. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). This enumeration is without merit.

2. In another enumeration, Richardson complains that the trial court erred in not dismissing Count 2 of the indictment on the ground that the aggravated assault charge therein was part and parcel of the robbery by intimidation charged in Count 1 and thus merged into the robbery. While we have no argument with the legal propriety of that argument, we conclude the facts simply do not support the argument. Though there was a dispute between the versions of the robbery and the use of the knife as delineated by the male victim and the female observer of the same attack, the trial judge and jury was presented with that dispute. There was evidence to support a determination that the victim had delivered all his money to the robber before he (the victim) fell to the floor and lost control of his knife; i.e., the robber came into possession thereof. Thus after the robbery was completed, the victim was assaulted and stabbed while lying on the floor. Though this version of the incident was not demanded by the evidence, it finds substantial support in the evidence and justified the trial court in submitting Count 2 to the jury and fully supports the jury's verdict of guilty thereon. *Potts v. State,* 241 Ga. 67, 77-80 (243 SE2d 510). See also *State v. Estevez,* 232 Ga. 316, 319 (206 SE2d 475).

3. In his remaining two enumerations of error, Richardson contends the pretrial identification was tainted because of an illegal arrest and the one-on-one show-up was irreparably suggestive.

Once again, we disagree with the arguments advanced by Richardson. We do not find the show-up to be unnecessarily suggestive nor was there a likelihood of a faulty misidentification as suggested in Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401). The show-up was an on-the-scene confrontation conducted as soon as possible after the robbery-burglary. It was an immediate product of those offenses and Richardson's connection thereto. Practicalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victims and suspect is essential both to effective law enforcement and to fairness toward innocent suspects. *Walker v. State,* 139 Ga. App. 751, 752 (229 SE2d 546). See also *Brown v. State,* 161 Ga. App. 55, 56 (2) (a) (289 SE2d 9). Close cross-examination of the victims by the defense tended to establish that Richardson was being identified because of the victims' traumatic exposure to him in the motel room rather than because of the circumstances surrounding the show-up.

As regards the alleged illegal arrest, neither do we find merit in

this contention. Though there was evidence that Richardson was sitting peacefully on a bench outside the convenience store and that the blood on his shirt was easily explained as resulting from a bloody nose, we do not judge the reasonableness of an apprehension by hindsight, but by what information was known to the arresting officer at the time of the apprehension and whether that action was reasonable in light of the officer's belief. Beck v. Ohio, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142). Moreover in applying the test of reasonable belief in determining probable cause, we look to probabilities, the factual and practical considerations of everyday life on which reasonable and prudent men base their considered actions. Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879).

While we do not rule as a matter of law that Richardson was arrested, in light of the fact that he admitted at trial that he agreed to go with the officer back to the motel and was not formally placed in a state of arrest nor put into any other form of restraint; nevertheless, assuming arguendo that he was arrested, we find probable cause for such arrest. The apprehending officer had been informed that a stabbing had taken place at the motel. An officer at the motel passing information to the apprehending officer had been informed that the robber had run in the direction where Richardson was then located. The stabbing had taken place only a few minutes earlier and Richardson was less than a third of a mile from that location. His shirt was full of blood and the officer was not aware except by Richardson's contention that the blood came from his nose. Under such circumstances we consider it to be the essence of efficacious police investigation and to be in the best interest of public safety and crime prevention for a police officer to take such a suspect into some form of custody or detention until his innocence or probable connection with the crime has been reasonably established. Society's right to public safety and security surely is paramount to an individual citizen's temporary deprivation of the right to be secure in his privacy and must give way in the face of circumstances strongly and reasonably indicative that the citizen probably is involved in an unsolved crime (even in those cases where the suspicion ultimately is proven to be incorrect). See *Morgan v. State,* 241 Ga. 485, 487 (246 SE2d 198); *Duffy v. State,* 156 Ga. App. 847, 848 (275 SE2d 658). See also *Stiggers v. State,* 151 Ga. App. 546, 547 (1) (260 SE2d 413); *Brooks v. State,* 129 Ga. App. 109, 111 (198 SE2d 892).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 22, 1983 —
REHEARING DENIED OCTOBER 6, 1983 —

*Harry J. Fox, Jr.,* for appellant.
*G. Theron Finlayson, District Attorney,* for appellee.