## 67892. ROSS v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of rape and aggravated sodomy. *Held:*

1. In his first enumeration of error, the defendant complains of the admission of evidence that he had committed three other rapes in the same neighborhood. Each of the prior victims was about the same age as the victim in this case, and, like the present victim, each encountered her assailant after departing Joe's Disco. There were further similarities in the manner in which the victims were approached and the manner in which the offenses were carried out. Each victim positively identified the defendant as her attacker. *Held:*

"Evidence of independent crimes is admissible if there is evidence that the defendant in fact perpetrated the independent crimes and if there is a sufficient similarity or connection between the independent crime and the offense charged." *Johnson v. State,* 152 Ga. App. 624, 625 (263 SE2d 509) (1979). The evidence here is amply sufficient to meet this test. There is no merit to the appellant's additional complaint that the trial court erred in failing to address his objection to this evidence at a pre-trial motion hearing.

2. The defendant contends that photographs used in a lineup were identifiable as mug shots and thereby placed his character in issue when admitted into evidence. "The Supreme Court and this Court have both held that use of a 'mug shot' of the defendant in a

lineup and its exhibition to the jury is not reversible error. [Cits.]" *Tiller v. State,* 159 Ga. App. 557, 559 (284 SE2d 63) (1981).

3. Finally, the defendant contends that each victims' in-court identification of him should have been excluded because it was tainted by suggestive pre-trial photographic identifications. However, there is no evidence that any of the photographic lineups conducted were impermissibly suggestive. See generally *Johnson v. State,* 150 Ga. App. 405 (1) (258 SE2d 22) (1979). Moreover, each victim testified that she had sufficient opportunity to observe the defendant at the time she was assaulted, thereby establishing an independent basis for her in-court identification. See generally Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Barron v. State,* 157 Ga. App. 186 (1) (276 SE2d 868) (1981).

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 22, 1984.

*Amy Jean Griffith,* for appellant.
*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Russell J. Parker, Margaret V. Lines,* Assistant District Attorneys, for appellee.