## 68680. WAITS v. THE STATE.
### (323 SE2d 624)

POPE, Judge.

Appellant Jesse Frank Waits was tried before a jury and found guilty of failure to stop and render aid in violation of OCGA § 40-6-271 and not guilty of driving under the influence. Appellant brings this appeal following the denial of his motion for new trial.

The evidence of record, construed in a light most favorable to the State, shows that an accident occurred on January 27, 1983 at approximately 3:30 a.m. The driver of one of the vehicles left the scene of the accident immediately afterward. The vehicle was registered to appellant Waits and several of his belongings were found inside. Appellant was located at 5:15 a.m., approximately 2-½ to 3 miles from the scene of the accident, by Officer Alexander. Appellant was walking in the middle of the road. He appeared to be disoriented and smelled of alcoholic beverage, and he complained of chest pains. Officer Alexander took appellant into custody and transported him to the Norcross Police Department. Appellant was not given a Miranda warning and no citation was issued until approximately 5:42 a.m. At approximately 6:00 a.m. Officer Everett, an old friend of appellant having worked with him at the Doraville Police Department, reported to Norcross police headquarters for duty. Officer Everett asked appellant what he was doing there. Appellant replied, "I screwed up. I hit a car on the expressway, and I blowed [sic] a 19 on the box (intoximeter)."

1. Appellant's first and third enumerations assign error to the trial court's failure to exclude evidence obtained by the State pursuant to an alleged illegal arrest for a misdemeanor. On the facts before us, we conclude that the warrantless arrest was proper.

OCGA § 17-4-20 (a) in pertinent part provides that a law enforcement officer may make a warrantless arrest "if the offense is committed in his presence or within his immediate knowledge, if the offender is endeavoring to escape . . . or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant." Contrary to appellant's arguments, this Code section applies to arrests for misdemeanors as well as for felonies. *King v. State*, 161 Ga. App. 382 (1) (288 SE2d 644) (1982).

"To justify the arrest without warrant, the officer need not see

the act which constitutes the crime take place, if by any of his senses he has personal knowledge of its commission." *Lynn v. State*, 130 Ga. App. 646 (1) (204 SE2d 346) (1974). The constitutional validity of the arrest without a warrant depends upon whether, at the moment the arrest was made, the officer had probable cause to make it; whether at that moment the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the appellant had committed or was committing an offense. *Cornelius v. State*, 165 Ga. App. 794 (302 SE2d 710) (1983); *Davis v. State*, 164 Ga. App. 312 (1) (295 SE2d 131) (1982). It is well settled that an arrest may be made upon hearsay evidence and, indeed, the "reasonable cause" necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties. *Duffy v. State*, 156 Ga. App. 847 (2) (275 SE2d 658) (1980); *Lynn v. State*, supra at (2).

Although the investigating officer was Sergeant Willis of the Georgia State Patrol, Officer Alexander of the Gwinnett County Police Department actually took appellant into custody. At the time he did so, Alexander had been to the scene of the accident and had received information by radio that the abandoned car was registered to appellant. Approximately 1-½ hours after leaving the accident scene, Alexander had returned to normal patrol duty when he was dispatched to answer a suspicious person call at an address 2-½ to 3 miles from the abandoned car. There he found appellant who was mobile, walking in the middle of the road at 5:15 a.m. Appellant did not know where he was. He smelled of alcoholic beverage and was wet, cold, and complaining of chest pains. After being shown appellant's driver's license, Alexander asked him to get into the police car, explaining that Sergeant Willis wanted to question appellant at the Norcross Police Department regarding the accident on the expressway. We find sufficient probable cause for Alexander's arrest of appellant. "Based on these facts, the warrantless arrest was both reasonable and necessary to prevent a failure of justice." *Williams v. State*, 166 Ga. App. 798, 800 (305 SE2d 489) (1983). See also *Richardson v. State*, 168 Ga. App. 312 (3) (308 SE2d 694) (1983). It follows that the trial court's refusal to exclude evidence gained as a result of the warrantless arrest was not error. Thus, appellant's first and third enumerations of error are without merit.

2. Appellant secondly contends that the trial court committed reversible error in allowing into evidence, over appellant's counsel's objection, the statement made by appellant to Officer Everett while in custody and without benefit of the warnings required in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Under the facts of the present case, it appears that, for all practical purposes, appellant was in custody from the moment he was ordered by Officer Alexander to go down to police headquarters for questioning. However, in our opinion, the question asked by Everett was at most a single threshold inquiry as to what was happening and was not an impermissible interrogation under Miranda. See *Shy v. State*, 234 Ga. 816 (I) (218 SE2d 599) (1975); *White v. State*, 168 Ga. App. 794 (310 SE2d 540) (1983).

We find nothing in the record to indicate that Officer Everett should have known that his actions were reasonably likely to elicit an incriminating response from appellant. Officer Everett was just an old friend of appellant reporting to work. He had no knowledge of the accident or of appellant's arrest. He had no official involvement with appellant at all at the time of the remark. Rather, he was expressing surprise at running into his former co-worker at 6:00 a.m. in Norcross. The record establishes that appellant's statement was a voluntary and spontaneous response to a wholly benign question. There was no duress or threat or inducement. "A statement is not 'elicited' merely because it is uttered by an accused in custody who has yet to consult with counsel. 'A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect . . . amounts to interrogation. But, since the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response.' (Emphasis supplied.)" *Williams v. State*, 249 Ga. 839, 842 (295 SE2d 74) (1982), quoting Rhode Island v. Innis, 446 U. S. 291, 301 (100 SC 1682, 64 LE2d 297) (1980). It cannot be concluded that this question subjected appellant to police interrogation or its functional equivalent in derogation of his right to remain silent. Officer Everett cannot be held accountable for the unforeseeable results of his words or actions. *Williams v. State*, 249 Ga. at (4), supra. We find the trial court's ruling correct that the statement by appellant was admissible in evidence because it was not the product of custodial interrogation and therefore not violative of Miranda. *Shy v. State*, supra. See also *Tucker v. State*, 237 Ga. 777 (2) (229 SE2d 617) (1976); *Perkins v. State*, 151 Ga. App. 199 (4) (259 SE2d 193) (1979), overruled on other grounds, *Chance v. State*, 154 Ga. App. 543 (2) (268 SE2d 737) (1980).

3. Appellant enumerates as error the trial court's refusal to give certain requested jury instructions. Upon review we find no error. As applied to the facts of this case, requests to charge numbers 4 and 8 were not supported by the evidence at trial. See *Stocks v. State*, 153 Ga. App. 72 (2) (264 SE2d 552) (1980). See also *Perryman v. State*, 149 Ga. App. 54 (3) (253 SE2d 444) (1979). Regarding the legality of

the warrantless arrest and evidence admitted therefrom, requests to charge numbers 5, 7 and 9 advance incorrect statements of the law. See Division 1, supra; *Knighton v. State*, 166 Ga. App. 390 (304 SE2d 512) (1983). See generally *Thompson v. State*, 248 Ga. 343 (2) (285 SE2d 685) (1981). The trial court properly charged the statute governing warrantless arrests, OCGA § 17-4-20 (a). Appellant's request to charge number 10 was adequately covered by the trial court's inclusion of charges on reasonable doubt and the language of OCGA § 40-6-271. "Where the charge given is fair and complete and substantially covers the applicable principles, failure to give a requested instruction in the exact language requested is not error." *Epps v. State*, 168 Ga. App. 79, 82 (308 SE2d 234) (1983). We find no ground for reversal for any reason assigned.

4. Based upon our holding in Division 1, the trial court did not err in denying appellant's motion for mistrial. Our finding of the legality of the warrantless arrest negates appellant's contention that the evidence obtained as its result was inadmissible. We are further satisfied that the evidence adduced at trial was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offense of failing to give information and render aid in violation of OCGA § 40-6-271. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We further find no error in the trial court's denial of appellant's motion for directed verdict made at the close of the State's evidence. A directed verdict of acquittal should be granted only where there is no conflict in the evidence and the verdict of acquittal is mandated as a matter of law. *Moore v. State*, 165 Ga. App. 65 (3) (299 SE2d 400) (1983). Appellant presented no evidence. Thus, it follows that our prior finding of the sufficiency of the evidence to authorize his conviction precludes a finding that a directed verdict of acquittal would have been proper. Clearly, the denial of this motion was correct. Based upon the foregoing, the trial court also properly denied appellant's motion for new trial.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 11, 1984 —
REHEARING DENIED NOVEMBER 7, 1984

*G. Hughel Harrison, Samuel H. Harrison,* for appellant.
*Herbert Jenkins, Solicitor, Carey Cameron, Assistant Solicitor,* for appellee.