## 69827. BYRD v. THE STATE.
(326 SE2d 813)

BANKE, Chief Judge.

Following a non-jury trial, the defendant was found guilty of armed robbery and aggravated assault. On appeal, he contends that the evidence does not support the verdict and that the court erroneously allowed him to be identified in court by two witnesses who had allegedly been influenced by improper pre-trial identification procedures.

The robbery victim testified that the defendant had held a gun to her head and made off with $1,900 from her husband's liquor store. She identified him positively, stating that she had the opportunity to observe him at close range for several minutes during the commission of the crime. She further testified that she witnessed a shoot-out between the defendant and a neighboring store owner, who had sought to prevent the defendant's escape. The neighbor, who was twice wounded by the defendant's gunfire, also identified the defendant positively. The defendant was picked up and returned to the crime scene some 20 to 30 minutes after the crimes were committed, at which time the robbery victim identified him as he was seated in a patrol car. While at the hospital, the assault victim identified the defendant from a photographic display. In addition, the defendant's automobile was found near the scene. *Held*:

1. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt. See generally

*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. "The show-up was an on-the-scene confrontation conducted as soon as possible after the [robbery and assault]. It was an immediate product of those offenses and [the defendant's] connection thereto. Practicalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victims and suspect is essential both to effective law enforcement and to fairness toward innocent suspects." *Richardson v. State*, 168 Ga. App. 312, 314 (308 SE2d 694) (1983). See also *Arnold v. State*, 155 Ga. App. 782 (272 SE2d 751) (1980).

With regard to the photographic display, which is before us in the record, we find no indication that it was impermissibly suggestive. Accord *Johnson v. State*, 150 Ga. App. 405 (1) (258 SE2d 22) (1979). Moreover, the assault victim, like the robbery victim, testified that he had ample time and opportunity to observe the defendant at the time the crime was committed, thereby establishing an independent basis for his in-court identification. See generally *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Barron v. State*, 157 Ga. App. 186 (1) (276 SE2d 868) (1981); *Ross v. State*, 169 Ga. App. 923 (315 SE2d 475) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 6, 1985.

*G. Terry Jackson*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.