## 69936. HOPPER v. THE STATE.
(333 SE2d 201)

BEASLEY, Judge.

Defendant appeals his conviction of driving under the influence of alcohol. Held:

1. The defendant had an auto-intoximeter breath test and now contends that the trial court should have granted his motion to preserve and produce his breath sample.

The evidence of record establishes that the auto-intoximeter does not utilize a recoverable breath sample. The breath is simply blown into the machine and a reading is taken. No breath sample is retained. Thus, asking that it be preserved and produced, over four months after the test was administered, sought from the court the impossible.

The circumstances here are analogous to Partain v. State, 238 Ga. 207, 208 (232 SE2d 46) (1977), where any significant amount of the substance was consumed in the process of testing and analyzing it. Our Supreme Court held that because independent analysis was impossible the request for such was unreasonable.

That is dispositive of this enumeration, but the parties' argument both below and here compels us to point out that even if this question had arisen as a ground for suppression of the test results due to the absence of a sample examinable by defendant, the result would be the same.

Defendant argued that his due process rights under the federal and Georgia constitutions required that the breath sample be preserved and then be made available to him as exculpatory evidence in

the possession of the state. He initially acknowledged that the federal constitution had been construed not to require such, in *California v. Trombetta*, 52 LW 4744 (June 11, 1984). There the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not require that law enforcement agencies preserve breath samples in order to introduce breath-analysis tests at trial, so the state's failure to preserve (even though technically feasible to retain samples through the use of either an Intoximeter Field Crimper-Indium Tube Encapsulation Kit or a device attached to the breath-testing Intoxilyzer, which is a different machine than the auto-intoximeter used here) did not violate the federal constitution. Appellant argues that *Trombetta* is not conclusively against him because California's evidentiary "safeguards" are greater than Georgia's so that federal due process is still wanting here. However, we do not so narrowly read *Trombetta*. It controls, insofar as the federal claim is concerned.

Defendant then moves to the state constitution. The court in *Trombetta* pointed out that "[s]tate courts and legislatures, of course, remain free to adopt more rigorous safeguards governing the admissibility of scientific evidence than those imposed by the Federal Constitution." 52 LW at 4747 fn. 12.

Taking the cue regarding the possibility of greater state protections, appellant also had sought refuge in the Georgia Constitution's due process provision. He does not specifically cite it, but he apparently refers to the very first paragraph of the 1983 Georgia Constitution. The only authority given in support of the proposition is that of several states which purportedly now require that the samples be preserved. In *Municipality of Anchorage v. Serrano*, 649 P2d 256, 258 (Alas. App. 1982), Alaska's intermediate appellate court held "that the due process clause of the Alaska Constitution requires the prosecution to make reasonable efforts to preserve a breath sample or to take other steps to allow a defendant to verify the results of the breathalyzer test." But it noted that effective compliance with the provision for an independent chemical test "would constitute an acceptable alternative to routine preservation of breath samples." Id. at 258 fn. 5. In *Garcia v. Dist. Court, 21st Jud. Dist.*, 589 P2d 924 (Colo. 1979), the Supreme Court of Colorado held defendant must be "given a separate sample of his breath at the time of the test or the alcoholic content of his breath in a manner which will permit scientifically reliable independent testing by the defendant, if that test is to be used as evidence." Id. at 930. This case, pre-*Trombetta*, relied on the federal Due Process Clause and, apparently, the Colorado Constitution. (See footnote 3, at 929). *Baca v. Smith*, 604 P2d 617 (Ariz. 1979), is another pre-*Trombetta* case which apparently construed the federal constitutional mandate when it required that defendant be told he

has a right to procure a breath sample, when the state's test is given. In *People v. Hitch*, 527 P2d 361 (Calif. 1974), the federal Due Process Clause was applied with respect to the intentional though good faith destruction of breath samples gathered in ampules. Appellant also cites *State v. Cornelius*, 452 A2d 464 (N.H. 1982), but that case held that equal protection considerations did not require that defendant be provided with a breath sample so that an independent test would be made of it, and that due process was served by permitting defendant to have an additional test performed by a person of his choosing. Thus the case does not support his position. His last two cases are lower court opinions not available to us.

We are not persuaded that Georgia's constitutional guarantee of due process requires the state to preserve a sample of the breath used in the administration of the auto-intoximeter test. There are other adequate means for ascertaining the validity of the test results, the accuracy of the machine and the competency of the operator. For one thing, defendant has a right to an independent test of his bodily substances at the time. OCGA § 40-6-391 (a) (3) and (4).

While it is true, as defendant argues, that he would have a *Brady* right[1] to exculpatory evidence, evidence the state has or has knowledge of that is either material to guilt of the defendant or relevant to the punishment to be imposed, that right would not necessarily reach the breath sample, for it may be inculpatory. He cites *Clark v. State*, 138 Ga. App. 266, 272 (8) (226 SE2d 89) (1976) and *Maddox v. State*, 136 Ga. App. 370, 371 (6) (221 SE2d 231) (1975), both of which relate to the federal constitutional right in this regard. The Georgia Constitution was not involved.

Of course, he would be entitled to the test results regardless, upon request, as they are considered to be discoverable "written scientific reports." OCGA § 17-7-211. But that was not what was at issue here. Defendant wanted something that did not exist, and there was no statutory or constitutional requirement that it be obtained and preserved by the state so as to be available to him if he asked for it.

2. Argument is made concerning the failure to supply various items sought by motion for discovery and production of evidence. Several of the items were furnished to the defendant. As to others, the defendant did not seek scientific reports relying on OCGA § 17-7-211. *Massey v. State*, 251 Ga. 515, 516 (307 SE2d 489) (1983); *Harden v. State*, 166 Ga. App. 279 (5) (304 SE2d 456) (1983). The requests for inspection and testing of the auto-intoximeter were only insisted upon on the day of trial. We find no abuse of discretion in the trial court's denial of such request; to have allowed the investigation at

---

[1] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

that stage would have required resetting the trial, wasting resources, and inconveniencing the witnesses, all of which could have been avoided by a reasonable amount of diligence on defendant's part. Moreover defendant's own witness had certified the machine used in this case.

The denial of the motion for discovery was not error.

3. The offense occurred on December 31, 1983. The officer who conducted the auto-intoximeter test on that date testified he was certified on May 5, 1980, and recertified every year thereafter. His original permit from May 5, 1980 to December 31, 1981 and his current permit from January 1, 1984 to December 31, 1984 were introduced into evidence. The defendant contends the test results should have been stricken since there was no written document showing the test-giver's certification on December 31, 1983.

This issue has been decided contrary to defendant's contentions in *Clarke v. State*, 170 Ga. App. 852 (319 SE2d 16) (1984).

4. Error is assigned on the refusal to give certain requests to charge. These instructions were either adequately covered in the charge as given or were confusing, misleading and not correct statements of law.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 9, 1985.

*Joe Perry Redd*, for appellant.
*Robert F. Mumford, District Attorney, William F. Todd, Jr., Assistant District Attorney*, for appellee.