## A93A1549. MARTIN v. THE STATE.
### (440 SE2d 24)

BLACKBURN, Judge.

The appellant, Tony Martin, pleaded guilty to charges of driving under the influence, driving with a suspended license, and driving without proof of insurance, conditioned upon his right to appeal the denial of a motion to suppress the results of an intoximeter test. See *Mims v. State*, 201 Ga. App. 277 (410 SE2d 824) (1991). On appeal, Martin contends that the results of the intoximeter test should have been excluded because the arresting officer did not advise him of his implied consent rights at the time of his arrest.

The record shows that on the day of Martin's arrest, an employee of a convenience store called the police to report an unidentified woman offering sex for money in the store's parking lot. When the prostitute entered Martin's van, the employee had asked them to leave. The arresting officer arrived in time to observe Martin pull out of the parking lot, drive down one street, and make a right turn onto another street. The officer stopped Martin's vehicle for failing to signal a right turn.

Upon being stopped, Martin admitted that his driver's license was suspended and that he had no insurance. The officer then placed Martin under arrest for a probable DUI offense, along with the offenses of driving without a license and without proof of insurance. The officer did not read Martin his implied consent warning then, because she did not have her new implied consent warning card with

her at the time. However, she immediately transported Martin to a nearby police station, which took approximately five minutes, and there read him the implied consent warning within five minutes of their arrival.

OCGA § 40-6-392 (a) (4) requires an arresting officer to advise an accused of the implied consent rights at the time of arrest. "*Under ordinary circumstances,* where [the implied consent warning] is not given at the time of arrest, or at a time as close in proximity to the instant of arrest *as the circumstances of the individual case might warrant,* the results of the state-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs." (Emphasis supplied.) *Perano v. State,* 250 Ga. 704, 708 (300 SE2d 668) (1983).

Previously, this court has concluded that a fracas between the defendant and the arresting officer at the time of arrest presented a circumstance that justified waiting until the defendant was transported to a hospital before giving the implied consent warning. *Perano v. State,* 167 Ga. App. 560 (1) (307 SE2d 64) (1983). However, we have held that an officer's failure to give the warning until the accused was transported to the police station, simply because that was the department's standard practice, did not constitute a circumstance authorizing a delay. *Vandiver v. State,* 207 Ga. App. 836 (429 SE2d 318) (1993).

The instant case does not involve a confrontation between the defendant and the arresting officer, nor does it involve a situation where the implied consent warning was delayed merely as a matter of convenience for the police. Rather, the arresting officer did not read the implied consent warning to the defendant literally at the time of arrest, because she did not have her new implied consent card with her and thus could not do so. However, she immediately transported him to a nearby police station for that purpose, and there read him the warning prior to administering the intoximeter test. It took only five minutes to drive the defendant to the station, and the test was administered within five minutes of their arrival. In short, approximately ten minutes passed from the time of Martin's arrest to the arresting officer's giving the required implied consent warning.

It thus appears that the arresting officer acted to advise Martin of his implied consent rights in as accurate, timely, and practical a manner as dictated by the circumstances. The arresting officer's actions sufficiently complied with OCGA § 40-6-392 (a) (4), and the trial court did not err in denying the defendant's motion to suppress.

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Beasley, P. J., Andrews, Johnson and Smith, JJ., concur. McMurray, P. J., and Cooper, J., dissent.*

McMurray, Presiding Judge, dissenting.

I respectfully dissent as it is my view that this court is bound by *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668), where the Supreme Court "construed OCGA § 40-6-392 (a) (4) narrowly, to mean almost literally what it said, [i.e., the officer is required to inform a defendant at the time of arrest of his rights to an independent chemical analysis to determine the amount of alcohol or drugs present in his blood.]" *Vandiver v. State*, 207 Ga. App. 836, 837 (1) (429 SE2d 318).

OCGA § 40-6-392 (a) (4) provides, in pertinent part, that "[t]he arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or tests according to this Code section." " '[T]his (directive) cannot be interpreted to mean sometime in the future. One cannot make an intelligent choice to submit to a chemical test without the knowledge of the right to have an independent test made in order to contest the validity of the state's test.' [*Garrett v. Department of Public Safety*, 237 Ga. 413 (2), 415 (228 SE2d 812).] The legislature has recognized that, in most instances, the only time at which this advice will be meaningful is at the time of physical arrest. [Only] certain limited situations . . . exist where advising the accused at the moment of physical arrest would not enable the accused to make an intelligent choice concerning the state's request and his right to undergo an independent test." *Perano v. State*, 250 Ga. 704, 707, supra.

The evidence in the case sub judice shows that the scene of the arrest was calm and orderly and that defendant was calm and cooperative, complying with the arresting officer's directions. Further, the arresting officer testified that she did not advise defendant of his right to an independent test at the time of arrest because "she did not have the new Implied Consent Warning card with her at the time." Finally, defendant was not advised of his right to an independent test until after he was restrained at police headquarters and ready to ventilate the State's intoximeter machine. It is my view, that these facts do not present one of the limited circumstances where advising a defendant at the moment of physical arrest would not enable him to make an intelligent choice concerning the State's request for a breath test and defendant's right to undergo an independent test. See *Perano v. State*, 250 Ga. 704, 707, supra. On the contrary, it is my view that the arresting officer's reason for not advising defendant of his right to an independent test as required by OCGA § 40-6-392 (a) (4) is inexcusable; that the delay in advising defendant of his right to an independent test impaired defendant's ability to make an informed choice regarding submission to a State-administered breath test and that the results of any independent test defendant may have elected would have been diminished by the time any such test was given, thus impairing the only reliable means defendant had of challenging the

State-administered breath test. See *Hopper v. State,* 175 Ga. App. 358 (1), 360 (333 SE2d 201).

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED NOVEMBER 2, 1993 —
RECONSIDERATION DENIED DECEMBER 10, 1993 — RECONSIDERATION
DISMISSED DECEMBER 20, 1993 —

*A. Blair Dorminey,* for appellant.
*Paul L. Howard, Jr., Solicitor, Deborah W. Espy, Oliver C. Murray, Jr., Assistant Solicitors,* for appellee.