A95A0588. THE STATE v. LAMB.
(456 SE2d 769)

POPE, Presiding Judge.

Defendant-appellee was charged with driving under the influence of alcohol, driving with an unlawful alcohol concentration and operating a vehicle without headlights. The trial court granted defendant's

motion to suppress the results of state-administered blood and breath tests, and the State appeals.

The arresting officer testified at the motion to suppress hearing that he initially stopped defendant because she was driving without her headlights on, and that he placed defendant under arrest for driving under the influence after she failed a series of field sobriety tests. The arresting officer testified that he did not read defendant the implied consent warning until they arrived at the police precinct and defendant had been seated at the Intoximeter 3000 breath machine. The officer stated that the reason he did not read the warning at the time of defendant's arrest was because he preferred to read the warning in the presence of a witness. The officer further testified that defendant first refused to take the breath test, so he again advised her of the consequences if she refused. The officer testified that defendant appeared confused, so he reread the implied consent warning and asked her to submit to both blood and breath tests. According to the officer, defendant then consented to take the tests, and requested an additional blood test.

Defendant also testified at the suppression hearing. According to defendant, more than 30 minutes elapsed between the time she was placed in the police car and her arrival at the police precinct. Defendant further testified that the arresting officer never read her the implied consent warning, and that the only implied consent warning information she received was from the intoximeter operator, who informed her that her license could be suspended for a year if she did not take the breath test. Defendant testified that neither the arresting officer nor the intoximeter operator told her she had a right to an additional test, but that she knew about that right because she had been a hospital administrator and worked in health care for 18 years. Defendant testified that she requested a blood alcohol test, and that she did not know that the State had also conducted a chemical analysis of her blood until the day of the motion hearing.

Following the hearing, the trial court indicated on the record that it was granting the motion to suppress on the basis that the implied consent warning had not been given at the time of defendant's arrest.

OCGA § 40-6-392 (a) (4) requires the arresting officer to advise the accused of the right to an additional test *at the time of the arrest*, and our Supreme Court has held that absent circumstances warranting a delay, strict compliance with that Code section is mandated. *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983). In *Vandiver v. State*, 207 Ga. App. 836 (429 SE2d 318) (1993) a majority of this court held that not advising the person arrested of his implied consent rights until after he had been transported to the police station, simply because that was the department's standard practice, did not constitute a circumstance warranting the delay. We find *Vandiver* to

be controlling here. The testimony of the arresting officer at the motion hearing established that the only reason he did not advise defendant at the time of her arrest was because he "preferred" to read the implied consent warning in the presence of a witness; the record discloses no circumstances surrounding the arrest which authorized a delay in advising the defendant of her right to additional testing. *Clapsaddle v. State*, 208 Ga. App. 840 (432 SE2d 262) (1993); cf. *Martin v. State*, 211 Ga. App. 561 (440 SE2d 24) (1993). The trial court did not err in suppressing the results of the state-administered blood and breath tests under these facts.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED APRIL 17, 1995.

*Gerald N. Blaney, Jr., Solicitor, Jessica R. Towne, Assistant Solicitor,* for appellant.

*Harrison & Harrison, Samuel H. Harrison,* for appellee.