A96A1388. THE STATE v. HOLMES.
(479 SE2d 409)

POPE, Presiding Judge.

Defendant Ray Holmes was arrested for driving under the influence of alcohol. He filed a motion to suppress and motion in limine seeking to exclude evidence that he had refused to take a State-administered breath test. Following a hearing on defendant's motion, the trial court concluded that because Holmes was not given the required implied consent warnings at the time of his arrest, any evidence of his subsequent refusal to take the test must be excluded. The State appeals the trial court's decision pursuant to OCGA § 5-7-1 (a) (4). Concluding that the trial court erred, we reverse.

While it is true that OCGA § 40-6-392 (a) (4) states that a DUI suspect be informed of his implied consent rights at the time of arrest, this Court and the Georgia Supreme Court have noted an exception to this requirement. A delay in informing the suspect is appropriate in "certain limited situations . . . where advising the accused at the moment of physical arrest would not enable the accused to make an intelligent choice concerning the state's request and his right to undergo an independent test." See *Perano v. State,* 250 Ga. 704, 707 (300 SE2d 668) (1983) (fracas between a defendant and the arresting officer at the time of arrest warranted delay in giving the defendant his implied consent rights); *Martin v. State,* 211 Ga. App. 561, 562 (440 SE2d 24) (1993) (five- to ten-minute delay justified when an arresting officer did not have a new implied consent card in her possession at the time of physical arrest); *Hadden v.*

*State*, 180 Ga. App. 496, 497 (1) (349 SE2d 770) (1986) (delay warranted based on the fact the defendant was emotionally distraught at the time of his arrest); *Lee v. State*, 177 Ga. App. 8, 10-11 (338 SE2d 445) (1985) (short delay warranted based on a defendant's physical condition at the site of his arrest). Based on the record evidence in this case, the above-mentioned exception clearly is applicable here.

Although Officer Shattles, who arrested defendant, did not specifically testify that defendant was incapable of making an intelligent choice at the time he took physical custody of defendant, the evidence dictates such a conclusion. After receiving a report from a motorist who had been run off the road by a commercial truck, Shattles located the truck in a parking lot. The truck was still running, and defendant was slumped over the wheel. Shattles knocked on the driver's door to no avail. He then opened the door, and, noticing that defendant's foot was still on the clutch, reached into the cab and turned off the engine. After being shaken several times, defendant finally awoke and stumbled out of the truck, almost falling. When asked for identification, defendant was slow to produce his driver's license. Defendant was unstable and stood near Shattles' patrol car so as not to fall. He also slurred his speech.

Clearly, defendant was not coherent at the scene of his physical arrest. Therefore, informing him of his implied consent rights at that precise time would not have allowed him to make an intelligent choice regarding those rights. Consequently, it was reasonable and appropriate for Shattles to delay reading defendant his implied consent rights for a short period. The delay, which lasted only five to ten minutes, was not excessive, and it allowed defendant to use a rest room to help relieve the nausea he was feeling. It also gave him the opportunity to regain his composure and faculties before being given the implied consent warning, which he has never indicated he failed to understand. Accordingly, because "the warning was given in close proximity to the arrest and its timing was warranted by the circumstances[, the] evidence of [defendant's] refusal to submit to testing was admissible and [should not have been suppressed]." *Lee*, 177 Ga. App. at 11.

*Judgment reversed. Andrews and Smith, JJ., concur.*

DECIDED NOVEMBER 25, 1996 —
RECONSIDERATION DENIED DECEMBER 13, 1996 — 

*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney*, for appellant.

*T. Lee Bishop, Jr.*, for appellee.